465 So.2d 1374 (1985)
Ronald Craig ASHCRAFT, Appellant,
v.
STATE of Florida, Appellee.
No. 84-810.
District Court of Appeal of Florida, Second District.
March 27, 1985.
James Marion Moorman, Public Defender, Bartow, and Douglas S. Connor, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals from convictions for armed burglary, sexual battery, burglary of a conveyance, and second degree grand theft. He raises two points on appeal. We affirm.
As to his first point, defendant contends that the trial court erred in denying him his right to self-representation. We do not agree. While the trial judge's attention to detail in conducting the type of inquiry called for by Williams v. State, 427 So.2d 768 (Fla. 2d DCA 1983), was not as great as it could have been, we cannot say that the judge did not have sufficient basis to deny defendant's request to represent himself. "Self representation is not an absolute right and need not be allowed when it would jeopardize a fair trial on the issues." Williams, 427 So.2d at 770-71. The judge determined on the basis of the nature of the evidence to be adduced at trial, his inquiries to defendant, and his observations of defendant at prior hearings that defendant would not get a "decent" trial if he represented himself. We equate "decent" with fair, especially in view of the trial court's contemplation of the technical aspects to be involved at the trial, such as expert testimony involving fingerprints, serology, and hair comparisons.
As his second point, defendant contends that the trial court erred in permitting the prosecutor to impeach defendant by inquiring into the nature of his prior convictions. We do not agree.
*1375 Defendant erroneously testified to a lesser number of prior convictions than were shown by his record. The prosecutor was not thereby entitled to elicit details of the prior crimes.
If the witness denies ever having been convicted, or misstates the number of previous convictions, counsel may impeach the witness by producing a record of past convictions. Even if a witness denies a prior conviction, the specific offense is identified only incidentally when the record of the conviction is entered into evidence.
Fulton v. State, 335 So.2d 280, 284 (Fla. 1976). Nonetheless, the state, citing McCrae v. State, 395 So.2d 1145 (Fla. 1980), cert. denied, 454 U.S. 1041, 102 S.Ct. 583, 70 L.Ed.2d 486 (1981), argues that defendant's record showed a prior conviction for rape and that the defendant opened the door to questioning about details of that prior conviction by testifying that he had never hurt anyone. We agree. In his testimony on direct examination defendant undertook to relate to the jury what occurred on the date of the crimes for which he was on trial but digressed and referred to prior crimes. In doing so defendant misled the jury by saying that he had never hurt anyone during those prior crimes. After that testimony the trial court initially ruled that the defendant had not thereby opened the door to questioning concerning the nature and details of prior crimes; however, during cross-examination the trial court changed his mind and permitted the questions regarding his rape conviction two weeks earlier. We cannot say this was error. See McCrae.
Finding no other reversible error, we affirm.
OTT, A.C.J., and SCHOONOVER, J., concur.