519 So.2d 756 (1988)
Sidney Ollie GIBSON, Appellant,
v.
STATE of Florida, Appellee.
No. BP-101.
District Court of Appeal of Florida, First District.
February 10, 1988.
Michael E. Allen, Public Defender, and Pamela D. Presnell, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal of appellant's convictions on several counts of burglary and grand theft. The charges arose from two separate incidents in which appellant first burglarized an unoccupied home and stole a pistol, and then armed himself with the pistol, burglarized another home, and stole several items. Appellant was sentenced to thirty years for one burglary and ten years for the other, and received ten years for one of the grand theft charges and five years for the remaining two. Although the trial court gave him 181 days' credit for time served *757 on one of the burglary charges, no credit was given for the accompanying grand theft charge in that case, even though the sentences were concurrent. The thirty-year sentence for the burglary in the first case was consecutive to the ten-year sentence for the burglary in the second case, making appellant's total sentence forty years' imprisonment. The thirty-year burglary sentence was in excess of the recommended guidelines range. The trial court listed three reasons for departure: (1) that appellant was a habitual felony offender, (2) that the sentence was necessary for protection of society, and (3) "prior record within a short period of time." After reviewing the record, it is clear that the third reason referred to the fact that appellant had been released from prison only fourteen months before committing the offenses sub judice.
We agree with appellant that the trial court erred in failing to give him 181 days of jail-time credit on the grand theft charge. Accordingly, that portion of the sentence is reversed and remanded for correction. We also agree with appellant's contentions that it was error to sentence him in excess of the guidelines on the basis of reasons one and two. See Whitehead v. State, 498 So.2d 863 (Fla. 1986); and Keys v. State, 500 So.2d 134 (Fla. 1986). However, we disagree that the third reason is invalid. This court has held that committing a new offense within ten months of release is a valid ground for departure. Williams v. State, 484 So.2d 71 (Fla. 1st DCA 1986), affirmed, 504 So.2d 392 (Fla. 1987).
Upon review of the record, we are convinced beyond a reasonable doubt that, absent the invalid reasons, the trial court would have rendered the same sentence. Consequently, we affirm the sentences except for the failure to give proper jail-time credit. However, we certify the following question to the Supreme Court of Florida:
WHETHER COMMISSION OF NEW CRIMES WITHIN FOURTEEN MONTHS OF RELEASE FROM INCARCERATION FOR PRIOR OFFENSES IS A VALID GROUND FOR DEPARTURE FROM THE GUIDELINES.
ERVIN and THOMPSON, JJ., and CHARLES E. MINER, Associate Judge, concur.