530 So.2d 53 (1988)
STATE of Florida, Petitioner,
v.
Cledius Orlando JONES, Respondent.
No. 70138.
Supreme Court of Florida.
August 18, 1988.
*54 Robert A. Butterworth, Atty. Gen. and John M. Koenig, Jr., Asst. Atty. Gen., Tallahassee, for petitioner.
Michael E. Allen, Public Defender and Pamela D. Presnell, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for respondent.
KOGAN, Justice.
Cledius Orlando Jones pled guilty to burglary of a dwelling, grand theft, and trafficking in stolen property. The trial judge departed from the recommended guidelines sentence of four and one-half years to five and one-half years incarceration and sentenced Jones to ten years in the state prison.[1] The trial judge gave two reasons for departure:
1) the defendant's extensive juvenile record; and
2) [the defendant is] a continuing threat to the community due to the fact that the temporal proximity of the commission of the crimes evinces a total disregard of the property rights of others.
On appeal Jones challenged both these reasons as invalid.
The First District Court of Appeal found the first reason invalid because the trial judge relied upon juvenile offenses for which Jones had never been adjudicated guilty.[2] The second reason was found invalid because it was based upon Jones' prior criminal record.[3] The sentence was *55 vacated and the cause remanded to the trial court for resentencing.
On motion for rehearing the state alleged that the district court's disapproval of the second ground for departure created conflict with Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984), and Williams v. State, 484 So.2d 71 (Fla. 1st DCA 1986). The district court noted that in both Swain and Williams, the trial court's order recited specific offenses and dates of commission relied on by the trial judge for his conclusion that the timing of the commission of the several crimes warranted departure. The order in the instant case did not. The first district also opined that Casteel v. State, 498 So.2d 1249 (Fla. 1986), casts doubt on the continuing validity of prior decisions approving reliance on the temporal proximity of the commission of offenses as a ground for departure from a recommended guidelines sentence. The district court then certified to this Court the following question of great public importance:
IS THE TRIAL COURT'S CONCLUSION THAT DEFENDANT IS A CONTINUING THREAT TO THE COMMUNITY DUE TO THE FACT THAT THE TEMPORAL PROXIMITY OF COMMISSION OF THE CRIME EVINCES A TOTAL DISREGARD OF THE PROPERTY RIGHTS OF OTHERS A VALID AND SUFFICIENT GROUND FOR DEPARTING FROM THE SENTENCING GUIDELINES?
Jones v. State, 501 So.2d 665, 667 (Fla. 1st DCA 1987). We have jurisdiction. Art. V, section 3(b)(4), Fla. Const. We answer the certified question in the affirmative, but find the trial judge's reason in this case to be unsupported by the record before us.
In Williams v. State, 504 So.2d 392 (Fla. 1987), this Court reaffirmed that a departure sentence could be based on a defendant's pattern of criminal conduct and the time sequence of the commission of each offense in relation to prior offenses and the release from incarceration or supervision. We held that since these are not aspects of a defendant's prior criminal history which are factored in to arrive at a presumptive guidelines sentence, a departure could be based on such factors. Id.
We note, however, that the trial judge in Williams did more than merely refer to Williams' prior criminal record. He gave the following detailed outline of Williams' criminal history as his first written reason for departure from the recommended guidelines sentence:
1. The Defendant as a juvenile was committed to the Department of HRS for the offense of Arson dated January 11, 1977. He was committed also in Case No. 76-466 for Arson and Burglary of an Occupied Dwelling, and again committed for Shoplifting dated August 18, 1978. At age eighteen (18) years, the Defendant was sentenced to Department of Corrections for three (3) years for Burglary of a Structure dated February 19, 1979 and paroled September 16, 1980. He was charged with violation of his parole on March 3, 1981 having only been out of prison for some six months. On July 10, 1981 the Defendant was again sentenced to the Department of Corrections on the offense of Attempted Burglary for five (5) years. On December 10, 1983 he was discharged as to that sentence and after only approximately ten (10) months committed the instant offense on October 6, 1984.
Id. at 392-93.
We held "that the trial court's description of Williams' `frequent contacts with the criminal justice system [was] something substantially more than a mere reference to the defendant's prior criminal record'" Id. at 393 (quoting Williams v. State, 484 So.2d 71, 72). The trial judge did not rely on only those aspects of Williams' prior criminal history that were factored in for scoring purposes. See Hendrix v. State, 475 So.2d 1218 (Fla. 1985). If the trial court's order fails to recite a specific pattern of criminal conduct, then a defendant's pattern of criminal activity and the timing of the commission of the offenses cannot constitute clear and convincing reasons for departure from the presumptive guidelines sentence. "Even if the reason is one which in the abstract may be *56 appropriate for departure, the facts of the particular case must establish the reason beyond a reasonable doubt." Keys v. State, 500 So.2d 134, 135 (Fla. 1986).
In this case the trial judge did not describe a specific pattern of criminal conduct evidencing the defendant's "frequent contacts with the criminal justice system." He merely stated that Jones was a continuing threat to the community because the timing of the commission of the offenses showed a disregard for the property rights of others. Jones committed the burglary and grand theft offenses approximately ten months after his May 4, 1982 parole from concurrent sentences for burglary and grand theft. The trafficking in stolen property offense was committed fifteen months after his parole.
Our review of the time sequence of these crimes does not persuade us that Jones established a pattern of committing new crimes within a short period of time following his release from incarceration or relative to his prior offenses. Although Jones committed the burglary and grand theft offenses approximately one year after his release from prison and the trafficking in stolen property offense five months later, the temporal proximity of these crimes does not establish a pattern of criminal activity similar to that found in Williams. In Williams there was a definite pattern. The defendant committed several crimes and was either placed under Department of Health and Rehabilitative Services supervision, placed on probation, or imprisoned. Soon after being released he would commit more crimes.
Before the temporal proximity of the crimes can be considered as a valid reason for departure, it must be shown that the crimes committed demonstrate a defendant's involvement in a continuing and persistent pattern of criminal activity as evidenced by the timing of each offense in relation to prior offenses and the release from incarceration or other supervision. Although we hold the temporal proximity of the commission of the crimes is a valid ground upon which to base a departure from the presumptive guidelines sentence, we find this ground for departure inapplicable in this case because the reason given by the trial judge is not clearly and convincingly supported by the record before us. Accordingly, we approve the decision of the district court and remand this case to the trial court for proceedings consistent with this opinion.
IT IS SO ORDERED.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT and GRIMES, JJ., concur.
McDONALD, J., dissents with an opinion.
McDONALD, Justice, dissenting.
I dissent because I feel the judge's reasons for departure are sound and are supported by the record. The record clearly demonstrates that an extended period of incarceration was necessary to protect the public from this defendant. The record is clear that he is unable, or unwilling, to learn from past punishment and prefers to break the law. I concur in the answer to the certified question. My dissent is to the application of it to Jones.
NOTES
[1] Jones was sentenced to ten years on the burglary charge and five years on the grand theft charge to run concurrently. The trafficking in stolen property charge was merged with the other two charges before sentencing.
[2] The district court ordered that the trial court determine the disposition of Jones' juvenile offenses if those offenses are to be used as a reason for departure from the recommended guidelines.
[3] The district court postulated that the phrasing of the trial judge's second reason suggested he thought Jones was on a "crime spree." We agree with the district court that "the record before us does not clearly and convincingly support such a contention." Jones v. State, 501 So.2d 665, 667 (Fla. 1st DCA 1987).