534 So.2d 821 (1988)
David DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4-86-2038.
District Court of Appeal of Florida, Fourth District.
November 30, 1988.
Richard L. Jorandby, Public Defender, and Thomas F. Ball, III, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John W. Tiedemann, Asst. Atty. Gen., West Palm Beach, for appellee.
*822 DOWNEY, Judge.
This is a timely appeal from a judgment of conviction and two consecutive life sentences for the offenses of robbery with a deadly weapon and attempted first degree murder with a deadly weapon.
Appellant, David Davis, was charged by information with one count of armed robbery and one count of attempted first degree murder. The charges involved an incident at a local convenience store, in which the clerk was stabbed repeatedly during the course of a robbery.
The evidence in this case reflected that Davis entered a convenience store ostensibly to buy cigarettes. When he presented a large bill, which the store clerk could not change, he pulled a pocket knife and demanded the money in the cash register. The clerk gave him the contents amounting to $96, whereupon he ordered her out from behind the counter and told her he was going to kill her. He immediately commenced stabbing her and before it was over he had succeeded in doing so approximately thirty-seven times. Her treating physician testified that she had "multiple stab wounds to her body, the upper part of her body in particular, on her neck, left side of the neck, and lateral aspect, the outside aspect, a laceration about an inch long, laterally main muscle. She also had multiple stab wounds, probably twenty, all over the anterior chest and up on her shoulders." Both her lungs were punctured.
The jury returned a verdict of guilty of robbery with a deadly weapon and attempted first degree murder with a deadly weapon. The guidelines presumptive sentence range for those crimes was seventeen to twenty-two years' imprisonment. The trial judge, however, departed from the guidelines and imposed two consecutive life sentences. The reasons set forth for this departure were:
1. Cruel and heinous manner in which offense was committed including 37 separate stab wounds on victim [or, restated, excessive force].
2. Mental trauma on victim and victim's family.
3. Not included strong arm robbery shows escalating criminal activity.
Davis has presented two appellate points for our consideration. The first point asserts error in allowing the prosecutor to use a peremptory challenge in a racially discriminatory manner. We have considered this point carefully and hold that Davis has not met the requirements of the Neil[1] test to shift the burden to the state to demonstrate its challenge was not racially motivated. Furthermore, the state's explanation of its motivation was more than adequate to support the trial judge's ruling on the question. The second point presented suggests error in departing from the sentencing guidelines by the imposition of two consecutive life sentences.
Paraphrased, the trial judge's reasons for departing from the guidelines were 1) excessive force exhibited in the commission of the crimes; 2) mental trauma suffered by the victim and her family; and 3) the escalating pattern of criminal activity.
With regard to ground number three, an escalating pattern of criminal activity has been held to be a valid ground for departure. Keyes v. State, 500 So.2d 134 (Fla. 1986); Ballard v. State, 501 So.2d 1285 (Fla. 4th DCA 1986). However, as one swallow does not a summer make, neither does one prior "not included" strong arm robbery establish a sufficient pattern of escalating criminal conduct to support a departure. Smith v. State, 507 So.2d 788 (Fla. 1987); Mitchell v. State, 507 So.2d 686 (Fla. 1st DCA 1987). Although there was some discussion at the sentencing hearing regarding the experience of other prior offenses, these were not adequately established nor used by the trial judge as support for his departure sentence. Therefore, we hold reason number three, as stated, to be an invalid ground for departure in this case.
The second ground, mental trauma to the victim, is a valid ground for departure where there is adequate support in the record to demonstrate more than ordinary trauma usually resulting from the particular crime. State v. Rousseau, 509 So.2d 281 (Fla. 1987). The evidence in this *823 case shows that appellant stabbed the victim several times until the victim collapsed on the floor. When the appellant started out of the store, the victim got up and appellant returned and stabbed her a number of times again. As a result of this traumatic experience, the record shows, the victim is now terrified of young black males. This would appear to be a valid ground for departure because the facts here show extraordinary circumstances clearly not inherent in the crime charged. However, the use of trauma to the victim's family is not supported by the facts of the case. Carter v. State, 485 So.2d 1292 (Fla. 4th DCA 1986).
The final ground for departure we would characterize as a combination of excessive force and severe victim injury. Although each of these classifications can be a valid ground for a guideline departure, to use both is "double dipping" and invalid. Hansbrough v. State, 509 So.2d 1081 (Fla. 1987). In the present case, in arriving at the presumptive sentence the scoresheet assessed twenty-one points for severe victim injury. Therefore, it was improper for the court to use excessive force as a ground for departure.
Because of the existence of at least one valid reason for departure, the sentence imposed should be upheld. § 921.001(5), Fla. Stat. (1987); Abt v. State, 528 So.2d 112 (Fla. 4th DCA 1988). Accordingly, the judgment of conviction and sentence is affirmed. However, we also certify to the supreme court, as we did in Abt, the following question:
WHETHER THAT PORTION OF CHAPTER 87-110, LAWS OF FLORIDA, WHICH AMENDS SECTION 921.001(5), FLORIDA STATUTES, IS APPLICABLE TO APPELLATE REVIEW OF SENTENCES IMPOSED FOR OFFENSES WHICH WERE COMMITTED PRIOR TO JULY 1, 1987.
WALDEN and GUNTHER, JJ., concur.
NOTES
[1] State v. Neil, 457 So.2d 481 (Fla. 1984).