PER CURIAM.
We vacate Mott’s sentence and remand to the trial court for resentencing within the guidelines. See Shull v. Dugger, 515 So.2d 748 (Fla.1987). The reasons given by the trial court for departing from the guidelines are invalid, Hamilton v. State, 537 So.2d 194 (Fla. 2d DCA 1989); Brunson v. State, 492 So.2d 1155 (Fla. 3d DCA 1986), or are unsupported by the record. See State v. Jones, 530 So.2d 53 (Fla.1988).
The trial court stated three reasons for departure, two of which the state now concedes were invalid. We address only the third reason given by the trial court, that the defendant had been on probation only two and one-half months when he committed his current offenses.
The conclusion that the defendant is a continuing threat to the community because the temporal proximity of the commission of offenses shows a total disregard for property rights of others is a valid and sufficient ground for departing from sentencing guidelines. State v. Jones, 530 So.2d at 55. The question here is whether the attempted first-degree murder, robbery with a firearm, and attempted robbery with a firearm, all part of a single incident which occurred only two and one-half months after Mott began his probation for an earlier offense, constitute the pattern of temporal proximity identified in Jones.
We know that the pattern of six offenses over a seven-year period observed by the trial court in Williams v. State, 504 So.2d 392 (Fla.1987) was characterized' as “substantially more than mere reference to the defendant’s prior criminal record” and held sufficient grounds for departure.
Also, in Paschall v. State, 538 So.2d 470 (Fla. 2d DCA), review denied, 545 So.2d 1368 (Fla.1989), where the defendant had committed two offenses in October 1984, three offenses in November 1984, and four more offenses in March 1985, a departure sentence based upon an established pattern of criminal activity was held proper.
We also know that in Jones, burglary and grand theft offenses committed approximately ten months after defendant’s parole, and his trafficking in stolen property offense committed fifteen months after parole, were held not a sufficient basis for a departure sentence. The court in Jones found that the time sequence did not reflect:
a continuing and persistent pattern of criminal activity as evidenced by the timing of each offense in relation to prior offenses and the release from incarceration or other supervision.
Jones, 530 So.2d at 56.
Because the single episode of criminal misconduct which resulted in Mott’s convictions cannot alone establish the pattern of misconduct upon which the trial judge justified the departure sentence ordered, the sentence should be vacated and the case remanded.