NIMMONS, Judge.
This an appeal from an upward departure sentence. We affirm.
Appellant pled guilty to the offenses of attempted possession of a firearm by a convicted felon and carrying a concealed firearm. The trial judge departed from the guidelines sentence (any nonstate prison sanction) and imposed concurrent sentences of 30 months in each case.[1] In his written order, the judge stated the following reasons for departure:

Timing of Instant Offenses

The Defendant committed the instant offenses approximately ten months after his release from imprisonment for a prior offense. The Defendant was released from prison on March 17, 1987, and committed the instant offenses on January 30,1988. See Gibson v. State, 519 So.2d 756 (1 DCA 1988), and Stubbs v. State, 522 so.2d 444 (1 DCA 1988).

Failure of Defendant to Be Rehabilitated

The Defendant has shown himself unable to successfully complete probation or respond to rehabilitation efforts. On January 16, 1986, the Defendant was placed on probation for 42 months for Possession of Cocaine. He was arrested on February 26, 1986, only one month after being placed on probation, for new felony drug offenses. He was convicted of a new charge of Possession of Cocaine, and his probation was revoked on March 26, 1986. See Simmons v. State, 483 So.2d 530 (1 DCA 1986), and Booker v. State, 482 So.2d 414 (2 DCA 1985).
We believe that the above reasons given by the trial judge may, considered together, be viewed as the court’s reliance upon the defendant’s pattern of criminal conduct and the time sequence of the commission of each offense in relation to prior offenses and the release from incarceration or supervision. Such rationale, assuming record support therefor, has been approved by the Supreme Court in Williams v. State, 504 So.2d 392 (Fla.1987) and State v. Jones, 530 So.2d 53 (Fla.1988).
There is such record support. In November, 1985, the defendant committed the offense of possession of cocaine, for which he was placed on probation in January, 1986 for a term of 42 months. Only a few weeks thereafter, he committed a new offense of possession of cocaine for which his probation was revoked and he received an 18 months prison sentence. He also received a concurrent 18 month sentence on the new offense. In March, 1987, he was released from prison and committed the instant offenses ten months later in January, 1988.[2]
*141 The pattern and timing of these offenses, not having been taken into account in arriving at the guidelines sentence, satisfy the requisites for departure articulated in Williams and Jones.
We note that one of the judgments in the instant case erroneously states the offense as possession of a firearm by a convicted felon whereas the offense to which the defendant pled guilty and for which he was sentenced was attempted possession of a firearm by a convicted felon.[3] The judgment shall therefore be corrected on remand.
Affirmed but remanded for correction of judgment.
ERVIN and ZEHMER, JJ., concur.

. The subject crimes were committed prior to October 1, 1988. Therefore, the amendment effected by Chapter 88-131, Laws of Florida, whereby a defendant whose presumptive sentence was any nonstate prison sanction may be sentenced up to 22 months in state prison, is not applicable to the instant case. But even if it were, the subject sentences would still exceed by 8 months the sentence of 22 months authorized by the above amendment.

. Although the defendant’s rap sheet shows numerous felony arrests (adult) over a six-year period prior to 1986, those frequent brushes with the law were not considered by the judge, either as scored offenses or otherwise, because some of the case dispositions were unknown and because the other cases were dismissed.

. The guidelines scoresheet properly scored the offense as an attempted possession.