553 So.2d 701 (1989)
Sidney Ollie GIBSON, Petitioner,
v.
STATE of Florida, Respondent.
No. 72082.
Supreme Court of Florida.
November 30, 1989.
Michael E. Allen, Public Defender and Pamela D. Presnell, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Gary L. Printy, Asst. Atty. Gen., Tallahassee, for respondent.
PER CURIAM.
We have for review Gibson v. State, 519 So.2d 756 (Fla. 1st DCA 1988), which certified the following question:
Whether commission of new crimes within fourteen months of release from incarceration for prior offenses is a valid ground for departure from the guidelines.
We have jurisdiction. Art V, § 3(b)(4), Fla. Const. We answer in the negative and quash the opinion below.
In the proceedings below, petitioner was convicted of two counts of burglary and three counts of grand theft, resulting from two criminal episodes on the same date. The trial court departed from the recommended guidelines sentence for three reasons, only one of which was upheld by the district court below.[*] That reason was stated only as "`prior record within a short period of time.'" Gibson, 519 So.2d at 757. On appeal, the district court interpreted this phrase to mean "that appellant had been released from prison only fourteen months before committing the offenses sub judice." Id. The district court then affirmed on authority of this Court's holding in Williams v. State, 504 So.2d 392, 393 (Fla. 1987).
In Jones v. State, 553 So.2d 702 (Fla. 1989), we approved a departure sentence because "the instant offense [was committed] eight days after being released from his third prison commitment." Although we agree that timing may, under appropriate circumstances, be an appropriate reason to depart, we find that fourteen months is too long a period to permit departure on this basis.
The certified question is answered in the negative and the opinion below is quashed. The trial court shall sentence petitioner to a guidelines sentence, since no valid reasons *702 for departure remain. We remand for proceedings consistent with this opinion.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW and GRIMES, JJ., concur.
BARKETT, J., concurs specially with an opinion, in which KOGAN, J., concurs.
McDONALD, J., dissents.
BARKETT, Justice, specially concurring.
Upon further consideration, I would recede from Williams v. State, 504 So.2d 392 (Fla. 1987), and not permit timing alone to be an appropriate reason to depart. I am at a loss as to what standard might be adopted to guide trial judges in applying such a factor. In Jones, we approved eight days. Here, we disapprove fourteen months. It appears to me that this factor is not susceptible to articulable standards, and therefore should not be permitted.
KOGAN, J., concurs.
NOTES
[*] The other two were that appellant was an habitual felony offender and that the sentence was necessary for the protection of society. 519 So.2d at 757. We have held in Winters v. State, 522 So.2d 816, 817 (Fla. 1988), that the habitual offender statute remains viable for the limited purpose of extending the statutory maximum penalty to permit imposition of the guidelines recommendation. However, departure from the guidelines may not be based on habitual offender status. Whitehead v. State, 498 So.2d 863 (Fla. 1986). In the present case, the trial court apparently did not follow the statutory procedure for habitualizing petitioner, but improperly departed for this reason.