553 So.2d 702 (1989)
Stingray JONES, Petitioner,
v.
STATE of Florida, Respondent.
No. 71874.
Supreme Court of Florida.
November 30, 1989.
Richard L. Jorandby, Public Defender and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and Deborah Guller, Asst. Atty. Gen., West Palm Beach, for respondent.
OVERTON, Justice.
This is a petition to review Jones v. State, 517 So.2d 121 (Fla. 4th DCA 1987), in which the district court approved a departure sentence enhanced by the habitual offender statute and based on grounds that Jones had committed "the instant offense eight days after being released from his third separate prison commitment"; that his behavior "demonstrates a continuing escalating pattern of criminal conduct"; and, since he had been "placed on probation he has been convicted of three additional grand thefts which could not be scored under the guidelines." In approving the sentence, the district court certified the following question as one of great public importance:
Does Whitehead v. State, 498 So.2d 863 (Fla. 1986) prevent the use of the habitual offender statute to enhance a defendant's sentence beyond the recommended guidelines sentence and beyond the maximum statutory penalty where there are otherwise valid grounds for departure?
*703 Jones, 517 So.2d at 122. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. We have recently answered certified questions approving the use of the habitual offender statute to extend the maximum penalty of a crime in a manner consistent with the guidelines. Winters v. State, 522 So.2d 816 (Fla. 1988). See also Hester v. State, 520 So.2d 273 (Fla. 1988); Tillman v. State, 525 So.2d 862 (Fla. 1988). Accordingly, we answer the certified question in the negative.
With regard to the grounds for departure, we recently stated in Williams v. State, 504 So.2d 392, 393 (Fla. 1987), that
[n]either the continuing and persistent pattern of criminal activity nor the timing of each offense in relation to prior offenses and release from incarceration or supervision are aspects of a defendant's prior criminal history which are factored in to arrive at a presumptive guidelines sentence. Therefore, there is no prohibition against basing a departure sentence on such factors.
We find this departure sentence proper and approve the decision of the district court.
It is so ordered.
EHRLICH, C.J., and McDONALD, SHAW and GRIMES, JJ., concur.
BARKETT, J., concurs in part and dissents in part with an opinion, in which KOGAN, J., concurs.
BARKETT, Justice, concurring in part, dissenting in part.
I do not agree that timing of an offense may be considered an appropriate reason to depart, for the reasons expressed in my special concurring opinion in Gibson v. State, 553 So.2d 701 (Fla. 1989).
KOGAN, J., concurs.