556 So.2d 471 (1990)
Patrick O'Neal FREDERICK, Appellant,
v.
STATE of Florida, Appellee.
No. 89-1298.
District Court of Appeal of Florida, First District.
January 31, 1990.
*472 Michael E. Allen, Public Defender and David A. Davis, Asst. Public Defender, David Nam, Certified Intern, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen. and Richard E. Doran, Asst. Atty. Gen., Tallahassee, for appellee.
SCHWARTZ, ALAN R., Associate Judge.
The defendant appeals from an upward departure from the sentencing guidelines. Based solely upon the fact that Frederick committed the present offense of simple possession of cocaine seventy-eight days after being discharged from a four-month jail term for his only prior conviction which was for sale of cocaine, the trial judge sentenced him to the maximum statutory term of five years, well in excess of the guidelines recommendation of up to twenty-two months. The grounds assigned for departure were:
(1) the defendant's recent release from custody.
(2) the defendant's continued and persistent pattern of drug-related crime.
We reverse.
It is now very clear, as elucidated by the supreme court in State v. Simpson, 554 So.2d 506 (Fla. 1989), decided after the sentence under review, that neither of the supposedly separate grounds asserted are, on these facts, legally sufficient to support the departure. With respect to cases such as this, which involve an interrelationship between the "temporal proximity" and "pattern of criminal activity" grounds, Simpson states:
In State v. Jones, 530 So.2d 53, 55 (Fla. 1988), we again held that timing of offenses could be a valid reason for departure under certain conditions. However, we cautioned trial courts:
Before temporal proximity of the crimes can be considered as a valid reason for departure, it must be shown that the crimes committed demonstrate a defendant's involvement in a continuing and persistent pattern of criminal activity as evidenced by the timing of each offense in relation to prior offenses and the release from incarceration or other supervision.
Id. at 56. Applying this standard in Jones, we held that the defendant did not evince such a continuing and persistent pattern. In Jones, the defendant had committed a burglary and grand theft about one year after release from prison on earlier charges, and he then trafficked in stolen goods five months later. Id.
In the present case, the trial court's reasons for departure recited two separate factors involving timing. First, the trial court based departure on the fact that Simpson committed one attempted armed robbery on one day and a second armed robbery two days later. If this were the only reason for the departure, we would be forced to conclude that [State v.] Rousseau [509 So.2d 281 (Fla. 1987)] controls the facts at hand, since these particular crimes were scored as primary offenses. Thus, without other reasons, this factor would be insufficient to justify departure. Two criminal episodes occurring two days apart are insufficient to establish a continuing and persistent or escalating pattern of criminality. (o.e.)
554 So.2d at 510. Under this rule, in the state-conceded absence of Frederick's involvement in a "continuing and persistent pattern of criminal activity"  one which could not in any event arise when, as here, only two offenses are involved, Davis v. State, 534 So.2d 821 (Fla. 4th DCA 1988)  the allegedly short period between his release *473 and the present crime[1] cannot alone support a guidelines deviation.[2] In other words, proximity alone is no longer (if it ever were) enough; a sufficient pattern of criminal activity must also be demonstrated. Since it was not, we vacate the sentence and remand for resentencing within the guidelines.
THOMPSON and BARFIELD, JJ., concur.
NOTES
[1] As to the necessity of a "pattern," we acknowledge a possible distinction between "temporal proximity" between the commission of crimes, see State v. Simpson, 554 So.2d 506 (Fla. 1989); State v. Jones, 530 So.2d 53 (Fla. 1988), and between the relevant crime and a previous release from custody, as in this case, Gibson v. State, 553 So.2d 701 (Fla. 1989), and Jones v. State, 553 So.2d 702 (Fla. 1989). In light, however, of the generalized discussion of the topic in State v. Jones, 530 So.2d at 56, which does not differentiate between the two ("Our review of the time sequence of these crimes does not persuade us that Jones established a pattern of committing new crimes within a short period of time following his release from incarceration or relative to his prior offenses." [e.s.]), and our inability to draw any principled difference between the two situations, we cannot recognize its existence under the law. (We also note that, although Gibson v. State and Jones v. State do not explicitly iterate the pattern requirement, both defendants seem in fact to have been habitual offenders. See Gibson v. State, 519 So.2d 756 (Fla. 1st DCA 1988)).
[2] We need not decide whether 78 days qualifies as a sufficiently short period which would invoke this principle if a pattern were also otherwise shown. Compare Gibson v. State, 553 So.2d 701 (Fla. 1989) (14 months too long), with Jones v. State, 553 So.2d 702 (Fla. 1989) (8 days not too long).