559 So.2d 621 (1990)
Clinton McKINNEY, Appellants,
v.
The STATE of Florida, Appellee.
No. 89-315.
District Court of Appeal of Florida, Third District.
February 6, 1990.
Rehearing Denied May 11, 1990.
Bennett H. Brummer, Public Defender, and Elliot H. Scherker, Asst. Public Defender, for appellants.
Robert A. Butterworth, Atty. Gen., and Ivy R. Ginsberg, Asst. Atty. Gen., for appellee.
Before SCHWARTZ, C.J., JORGENSON and LEVY, JJ.
PER CURIAM.
Clinton McKinney appeals from a judgment of conviction and sentence for possession of cocaine with intent to sell. We affirm the conviction but reverse the sentence imposed and remand for resentencing within the recommended guidelines. The state has properly conceded that the record does not support a finding of an escalating pattern of criminal conduct. Furthermore, contrary to the state's position, the record does not support the trial court's finding that defendant's "recent release from prison" justifies a departure from the sentencing guidelines. The timing of offenses "in relation to prior offenses and release from incarceration or supervision are aspects of a defendant's prior criminal history" and may form the basis for a departure sentence. Williams v. State, 504 So.2d 392, 393 (Fla. 1987). However, temporal proximity supports such a departure only when there is a showing that "the crimes committed demonstrate a defendant's involvement in a continuing and persistent pattern of criminal activity as evidenced by the timing of each offense in relation to prior offenses and the release from incarceration." State v. Jones, 530 So.2d 53, 56 (Fla. 1988). Here, defendant's release from prison approximately six months before committing the offense for which he was sentenced does not establish the persistent pattern required by Jones.
*622 Affirmed in part; reversed in part; remanded with instructions.