THOMPSON, Judge.
The defendant appeals his two consecutive life sentences on two convictions for armed robbery, contending that the court erred in imposing a departure sentence. We agree and reverse.
In one case the defendant was charged with armed robbery, use of a firearm during the commission of a felony, and two counts of aggravated assault. In another case he was charged with armed robbery and the use of a firearm during the commission of a felony. He was adjudged guilty on all charges in both cases and was sentenced to life on the armed robbery conviction, 15 years in the use of the firearm conviction, and five years on each of the two aggravated assault convictions in the first case. All of these sentences were consecutive. In the second case, he was sentenced to life on the armed robbery conviction and 15 years on the use of a firearm conviction. These sentences were consecutive to the life sentence in the first case.
These consecutive sentences constituted a guidelines departure. The trial judge relied on the following four reasons for his departure: 1) Engagement in crime sprees; 2) recent release from prison; 3) involvement of a teenage son in the crimes; and 4) escalating criminal conduct. The sentences were appealed and in Larry v. State, 527 So.2d 883 (Fla. 1st DCA 1988), (Larry I) this court vacated the convictions for use of a firearm and found the recent release from prison or “timing reason” to be the only valid reason for departure.
*630 At resentencing, defense counsel objected to the use of a 1976 burglary conviction being scored on the scoresheet. Defense counsel claimed the defendant was denied counsel in that case and that the use of this conviction on the scoresheet improperly added 30 points under “prior record.” Defense counsel also objected to the timing reason being used as a valid reason for departure but both objections were overruled. The trial judge then imposed consecutive life sentences on each of the armed robbery convictions stating as a reason for departure that the offenses occurred within 14 months after the defendant’s release from prison.
The defendant’s contention that the trial judge erred in including an alleged uncoun-seled conviction in the scoresheet is without merit. The defendant never offered any testimony to support this contention and never requested a ruling or hearing.
This court in Larry I, ruled that the defendant’s recent release from prison was a valid reason for departure and normally that would be the law of the case on this appeal. However, subsequent to our decision in Larry I, the supreme court decided Gibson v. State, 553 So.2d 701 (Fla.1989), in which it was held that the commission of a crime 14 months after a prisoner's release is not a valid reason for departure as a matter of law. As this case involves exactly the same time span of 14 months, we are compelled to find that the only reason given by the trial judge for departure is invalid. We therefore reverse and remand for resentencing within the guidelines.
Even if 14 months between release from prison and the commission of a crime were not too long a period to constitute a valid timing reason, we would nevertheless be compelled to reverse. Before temporal proximity of crimes can be considered as a valid reason for departure, a continuing and persistent pattern of criminal activity by the defendant, as well as the timing of those crimes, must be shown. State v. Simpson, 554 So.2d 506 (Fla.1989); State v. Jones, 530 So.2d 53 (Fla.1988). No such showing was made here.
REVERSED.
BARFIELD, J., and SCHWARTZ, ALAN R., Associate Judge, concur.