THREADGILL, Judge.
David Eugene Gore appeals from a sentence which exceeded the guidelines recommendation and imposed costs without notice or a determination of ability to pay. We affirm the departure sentence but strike the imposition of costs.
A jury convicted the appellant of aggravated battery. The evidence at trial showed that the appellant had fought and cut his opponent with a knife early one morning outside of a Tampa bar. The appellant had been out of prison only four months after serving a six-year sentence for two counts of aggravated battery and one count of resisting arrest with violence.
The guidelines called for three-and-one-half to four-and-one-half years’ incarceration. The trial court, however, imposed eight years’ incarceration to be followed by four years’ probation. The sole written reason for departure was timing of the new offense four months after release from prison, citing Williams v. State, 504 So.2d 392 (Fla.1987), as authority.
In Williams, the supreme court held that the timing of an offense in relation to prior offenses and release from incarceration is a clear and convincing reason for departure. In State v. Jones, 530 So.2d 53 (Fla.1988), the supreme court stated that “[i]f the trial court’s order fails to recite a specific pattern of criminal conduct, then a defendant’s pattern of criminal activity and the timing of the commission of the offenses cannot constitute clear and convincing reasons for departure from the presumptive guidelines sentence.” 530 So.2d at 55. The trial court’s order in the appellant’s case does not recite a specific pattern of criminal conduct, but does set forth the date of release from prison and the date of the new offense, and this combined with the record in this case supports the reason for departure. We therefore affirm the appellant’s sentence. See also Jones v. State, 553 So.2d 702 (Fla.1989); Gibson v. State, 553 So.2d 701 (Fla.1989). Compare State v. Simpson, 554 So.2d 506 (Fla.1989) and Frederick v. State, 556 So.2d 471 (Fla. 1st DCA 1990).
The appellant also contends that the trial court erred in imposing court costs without notice or a determination of his ability to pay. We agree and strike these costs without prejudice to the state to seek to have them reimposed after proper notice. Varela v. State, 550 So.2d 40 (Fla. 2d DCA 1989).
Affirmed.
RYDER, A.C.J., and FRANK, J., concur.