SHIVERS, Chief Judge.
Appellant/defendant appeals a sentence of life imprisonment for armed robbery, five years for aggravated assault, and one year for false report of a crime, representing an upward departure from the recommended guideline sentence of 7-9 years. In imposing the departure sentence, the trial court relied on the fact that appellant had been released from incarceration for several prior offenses on April 29, 1986, then committed the three new offenses less than 17 months later.
We reverse, based on the supreme court’s recent holding in Gibson v. State, 553 So.2d 701 (Fla.1989). While recognizing that timing may justify a departure sentence in some circumstances, the court in Gibson held that the defendant’s release from prison 14 months prior to the commission of his new offenses was too long a period of time to justify departure on that basis. Therefore, the trial court’s use of the 17-month period in the instant case must be reversed.
Accordingly, appellant’s departure sentence is remanded for resentencing within the sentencing guidelines.
REVERSED and REMANDED.
WIGGINTON and BARFIELD, JJ„ concur.