564 So.2d 616 (1990)
Tobias BARFIELD, Appellant,
v.
STATE of Florida, Appellee.
No. 88-3269.
District Court of Appeal of Florida, Fourth District.
August 1, 1990.
Richard L. Jorandby, Public Defender, and Joseph S. Shook, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
GARRETT, Judge.
Appellant seeks review of his cocaine conspiracy to traffic and attempted trafficking convictions and sentences.
We affirm the convictions and sentences, but write to address the trial judge's upward departure from the sentencing guidelines.
As the result of a previous crime, on February 27, 1987, appellant pled guilty to trafficking in cocaine and received a two year prison sentence as a youthful offender. On January 5, 1988, he was released into a supervisory program.
The trial judge wrote the following as his basis for the upward sentence departure:
3. The substantive offenses for which the Defendant now stands convicted occurred on April 5, 1990. Since the Defendant was recently released from prison at the time he committed the substantive offense, the Court finds cause to aggravate his sentence. Furthermore, the Defendant is found to be a continuing threat to the community and appears to show absolutely no sign of rehabilitation since he has committed another Trafficking in Cocaine offense within a very short time of his release from prison.
This court in Mauney v. State, 553 So.2d 707 (Fla. 4th DCA 1989), upheld an upward departure "where only `a short period of time' ha[d] transpired between the crime at issue and release from incarceration for some other transgression." Id. at 707 (emphasis added); citing, Lee v. State, 537 So.2d 704 (Fla. 1st DCA 1989) (other citations omitted). We note that only ninety days separated appellant's prison release and his new crime for the same transgression. Our supreme court in State v. Jones, 530 So.2d 53, 55 (Fla. 1988), held that the temporal proximity of crimes can be a valid reason for departure when the timing of an offense relates to prior offenses and the release from incarceration or other supervision. Here appellant committed the same crime before and shortly after his period of incarceration and supervision.
*617 We affirm appellant's convictions and sentences, however, we certify the following question to be of great public importance:
DOES THE TEMPORAL PROXIMITY OF CRIMES ALONE PROVIDE A VALID REASON FOR DEPARTURE FROM THE SENTENCING GUIDELINES WITHOUT A FINDING OF A PERSISTENT PATTERN OF CRIMINAL CONDUCT?
AFFIRMED.
WARNER, J., concurs.
DELL, J., specially concurs with opinion.
DELL, Judge, concurring with opinion.
I concur with the result reached by the majority and the question certified concerning the adequacy of temporal proximity of crimes as the sole basis for a guidelines departure. In State v. Jones, 530 So.2d 53 (Fla. 1988), the supreme court held:
Before the temporal proximity of the crimes can be considered as a valid reason for departure, it must be shown that the crimes committed demonstrate a defendant's involvement in a continuing and persistent pattern of criminal activity as evidenced by the timing of each offense in relation to prior offenses and the release from incarceration or other supervision.
State v. Jones at 56. State v. Jones seems clear in its holding that the temporal proximity of crimes may not be the basis for departure unless accompanied by a showing of a persistent pattern of criminal conduct. The First District Court of Appeals in Frederick v. State, 556 So.2d 471 (Fla. 1st DCA 1989), so held in a case involving essentially identical facts as those sub judice. In Frederick, the defendant had been convicted of possession of cocaine just seventy-eight days after being discharged from his only prior conviction. The First District quoted State v. Simpson, 554 So.2d 506 (Fla. 1986), which relied upon State v. Jones, reversed the trial court's enhanced sentence and stated:
Under this rule, in the state-conceded absence of Frederick's involvement in a "continuing and persistent pattern of criminal activity"  one which could not in any event arise when, as here, only two offenses are involved, ...  the allegedly short period between his release and the present crime cannot alone support a guidelines deviation. In other words, proximity alone is no longer (if it ever were) enough; a sufficient pattern of criminal activity must also be demonstrated.
Frederick, 556 So.2d at 472-473 (footnotes omitted); citing, Davis v. State, 534 So.2d 821 (Fla. 4th DCA 1988) (one prior "not included" strong arm robbery does not establish pattern of criminal conduct).
Gibson v. State, 553 So.2d 701 (Fla. 1989) and Jones v. State, 553 So.2d 702 (Fla. 1989), decided after State v. Jones, apparently approve temporal proximity of crimes as a sole basis for departure. While the majority opinions do not reveal whether a "persistent pattern of criminal conduct" existed, Justice Barkett's concurring opinion in Gibson questions the necessity of such a finding:
Upon further consideration, I would recede from Williams v. State, 504 So.2d 392 (Fla. 1987), and not permit timing alone to be an appropriate reason to depart. I am at a loss as to what standard might be adopted to guide trial judges in applying such a factor. In Jones [553 So.2d 702], we approved eight days. Here, we disapprove fourteen months. It appears to me that this factor is not susceptible to articulable standards, and therefore should not be permitted.
Gibson at 702 (emphasis added). In my view, it may be inferred from Jones v. State and Gibson that the temporal proximity of crimes, standing alone, constitutes a sufficient basis for departure.