569 So.2d 857 (1990)
Gregory HERNANDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 88-02169.
District Court of Appeal of Florida, Second District.
November 7, 1990.
James Marion Moorman, Public Defender, Bartow, and Robert D. Rosen, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Erica M. Raffel, Asst. Atty. Gen., Tampa, for appellee.
*858 PATTERSON, Judge.
The appellant challenges his judgment and sentence for trafficking in cocaine and conspiracy to traffic in cocaine. The appellant contends that the trial court erred in allowing testimony of prior bad acts of the appellant and in exceeding the recommended guidelines sentence. We affirm the judgment, but reverse the sentence for resentencing within the guidelines.
A confidential informant working for the Tampa Police Department arranged a cocaine purchase between the appellant and undercover detectives Rodriguez and Penichet. The appellant contacted his "Colombian connection," Charlie, and obtained cocaine for the transaction. As a result, the state charged the appellant with trafficking in cocaine and conspiracy to traffic in cocaine.
At trial, the state's evidence showed that while the informant and the detectives were at the appellant's residence, the appellant constantly told the informant, "I hope this is not a knockdown. I hope these aren't the police." The appellant's theory of defense was that he thought he was working for the police to set up his Colombian connection. The appellant testified that he knew all along that the prospective purchasers were police; the informant had told the appellant that he was a member of Tampa Vice and asked the appellant to help the police set up the deal.
The appellant had made a motion in limine to prevent the state from eliciting information concerning collateral crimes or prior acts that were not charged. During cross-examination, the appellant volunteered statements that he had never done any drug related deals in his life. Based on the motion in limine, the appellant moved for a mistrial. The court denied the motion, holding that the appellant opened the door. After a proffer, the state asked the appellant about a heroin deal he arranged between the informant and another person two days prior to the instant offenses. The court limited the scope to showing the appellant arranged a drug deal for someone else but not that he ever bought drugs himself.
The appellant also testified on cross-examination that he did not think he intentionally did anything in front of the detectives that would have indicated to the detectives that he was not working for them. The state then made a proffer to which the appellant objected. The trial court allowed the state to question the appellant about statements he allegedly made in the detectives' presence. The state asked the appellant, if in the detectives' presence, the appellant came out of a room rubbing his arm and saying that it takes his breath away every time he shoots up. The appellant responded, "No, I did not."
On rebuttal, Officer Rodriguez testified that when he was at the appellant's residence, the appellant came out of the bathroom rubbing his arm and said that "when he shot up, it takes his breath away." The appellant objected, arguing that it was improper to introduce extrinsic evidence on a collateral issue. The court overruled the objection. The witness proceeded to tell the jury that the appellant said he had just "shot up." Detective Penichet repeated substantially the same testimony.
At the close of all the evidence and again after closing statements, the appellant renewed his prior objections and motion for mistrial, which the trial court denied. The jury found the appellant guilty of both trafficking and conspiracy to traffic in cocaine.
The sentencing guidelines scoresheet called for a sentence of seven to nine years' incarceration. The trial court sentenced the appellant to fifteen years' incarceration followed by two years' community control followed by eight years' probation and ordered him to pay a $50,000 fine. The court justified departure from the guidelines by citing the timing of the offenses. The instant offenses occurred four months after the appellant's release from incarceration for lewd and lascivious assault upon a child under the age of sixteen. The record shows that aside from the lewd and lascivious assault, the appellant has no prior convictions. This timely appeal followed.
*859 The appellant first contends that it was harmful error to allow testimony of the prior heroin deal and of the "shooting up" statements. When the appellant testified that he had never done any drug deals in his life, he opened the door to questioning about a heroin deal he had arranged two days prior to the instant offenses. See Ashcraft v. State, 465 So.2d 1374 (Fla. 2d DCA 1985) (by testifying that he had never hurt anyone, the defendant opened the door to questioning about a prior rape conviction).
With respect to those statements the appellant made in front of the detectives about "shooting up," the trial court did not err in allowing the detectives to testify to those statements. The statements were relevant to rebut the appellant's defense that he thought he was working for the police. A person who believed that he was in the presence of police detectives generally would not state that he had just shot up illegal drugs. Based on the appellant's defense at trial, the probative value of the testimony outweighed its prejudicial effect. See § 90.403, Fla. Stat. (1989). "[R]elevant evidence will not be excluded merely because it points to commission of a separate crime, unless its sole relevance is to point up bad character or the criminal propensity of an accused." McCrae v. State, 395 So.2d 1145, 1152 (Fla. 1980), cert. denied, 454 U.S. 1041, 102 S.Ct. 583, 70 L.Ed.2d 486 (1981).
The appellant next contends that the departure sentence based on the timing of the offenses, or temporal proximity, was error. The appellant committed the instant drug offenses four months after he was released from prison for lewd assault. The crimes the appellant committed show no persistent pattern of similar crimes nor an escalation to violence. Temporal proximity, under certain conditions, can constitute a valid reason for departure. State v. Simpson, 554 So.2d 506, 509 (Fla. 1989); Gibson v. State, 553 So.2d 701 (Fla. 1989). The circumstances of the present case, however, do not justify departure. Thus, we reverse the departure sentence and remand for sentencing within the guidelines.
Affirmed in part and reversed in part.
CAMPBELL, A.C.J., and THREADGILL, J., concur.