W. SHARP, Judge.
Brown appeals from two consecutive 5 year sentences he received for two possession of cocaine offenses.[1] He argues he received terms of imprisonment which exceed those allowed under the guidelines.[2] We agree and quash the sentences.
Brown committed the first offense in March of 1988. He pled nolo contendere and received a 5 year probationary sentence. Only 12 days after being released on probation in 1989, Brown was arrested for the second possession of cocaine offense. He admitted violating his probation and he pled nolo to the second possession charge.
The trial judge sentenced Brown for both offenses. The combined scoresheet included points for “legal constraint.” It placed Brown in the community control or 12 to 30 months incarceration bracket. The trial judge imposed a sentence which departed *1071 beyond the recommended range bump-up authorized for a violation of probation (2Va to 3V2 years) and even exceeded the permitted range bump-up (community control of 1 to 4V2 years incarceration).
The trial judge gave as his reason for the departure the short interval of time (12 days) between Brown’s release from jail and his commission of the second offense. He wrote:
Defendant was released from jail on January 20, 1989 having served 51 weeks on a charge of possession of cocaine. He was released to probation. Twelve days later, February 1, 1989 he was arrested for possession of 2.9 grams of cocaine.
The commission of offenses in close temporal proximity can be utilized to find a continuing and persistent pattern of criminal activity, which is a valid reason to depart from the guidelines. Smith v. State, 566 So.2d 57 (Fla. 5th DCA 1990). See also State v. Simpson, 554 So.2d 506 (Fla.1989); Jones v. State, 553 So.2d 702 (Fla.1989); State v. Jones, 530 So.2d 53 (Fla.1988); Tillman v. State, 525 So.2d 862 (Fla.1988). However, here the trial judge made no express finding of a continuing and persistent pattern — he merely found that the offenses were committed close in time.
We surmise the trial judge, in reciting the above facts, found a continuing and persistent pattern of criminality as the reason for departure. However, we cannot assume this was his intention. Florida Rule of Criminal Procedure 3.701 requires a written statement delineating the reasons for departure. To facilitate review, the better practice is to identify the ground for departure as well as reciting the essential ultimate facts upon which it is based. Accordingly, we remand to the trial judge to clarify his departure reason by identifying the specific ground upon which he is relying.
Accordingly, we vacate the sentence and remand for resentencing consistent with this opinion.
SENTENCE VACATED; REMANDED for resentencing.
PETERSON and GRIFFIN, JJ„ concur.

. § 893.13(l)(f), Fla.Stat. (1989).

. Fla.R.Crim.P. 3.701.