W. SHARP, Judge,
dissenting in part.
I agree, and the state also concedes, that the court’s assessment of costs must be reversed because of lack of notice. Wood v. State, 544 So.2d 1004 (Fla.1989); Outar v. State, 508 So.2d 1311 (Fla. 5th DCA 1987). However, I would affirm the departure sentence because at least one of the trial judge’s stated reasons is legally valid and is supported by the record: timing of the criminal offenses so as to show a persistent pattern of criminal activity. Williams v. State, 504 So.2d 392 (Fla.1987).
The record shows Thompson committed aggravated battery in 1986, for which he was placed on community control. In 1987 he violated that community control, and was sentenced to prison for 24 months. Very shortly after release from prison (although the record does not give exact dates) in October of 1987, he committed a drug offense. He was put on probation. On October 1,1988, only 8 months after his release on probation, Thompson committed two additional drug-related crimes.
Four felonies (three of which were drug-related) were committed within two years, the latter three coming twice, shortly after being released either from prison or having been placed on probation in lieu of a prison term. In State v. Jones, 530 So.2d 53 (Fla.1988), the court said a departure sentence could be based on a showing of temporal proximity of crimes coupled with a “persistent pattern of criminal activity as evidenced by the timing of each offense in relation to prior offenses and the release from incarceration or other supervision.” 530 So.2d at 56.
In my view, the facts in this case establish grounds to conclude Thompson’s conduct demonstrates a persistent, if not escalating, pattern of dedicated criminal conduct. See also Brown v. State, 569 So.2d 1223 (Fla. 1990); State v. Simpson, 554 So.2d 506, 509 (Fla.1989); Lipscomb v. State, 15 F.L.W. 2227 (Fla. 5th DCA September 6, 1990); Smith v. State, 566 So.2d 57 (Fla. 5th DCA 1990); Gore v. State, 559 So.2d 347, 348 (Fla. 2d DCA 1990). They should provide grounds to depart upwards from the recommended guidelines sentence beyond the available bump-up.