W. SHARP, Judge.
Rivero appeals from his sentences imposed after a jury convicted him of delivery of cocaine,[1] and possession of a controlled substance.[2] He received concurrent 15 and 25 year sentences, which departed above the permitted range under the guidelines. The reason given for departure was:
Defendant released from DOC on 10/6/88 after serving 2Vh years for deliv *428 ery of cocaine and committed this offense of delivery of cocaine on 10/29/88, less than 30 days after released.
Although this court has held that the commission of one offense shortly after release from prison may be relied upon as establishing (in part) a persistent pattern of criminal activity,[3] nevertheless, the trial judge must still find a pattern of criminal conduct exists.[4] Here, the trial judge merely finds temporal proximity of the two offenses. That is not enough to constitute a “persistent pattern.” Because we cannot assume that the trial judge found a persistent pattern, we vacate the sentence and remand for the purposes of clarification. Brown v. State, 570 So.2d 1070 (Fla. 5th DCA 1990).
VACATE SENTENCE; REMAND.
GRIFFIN, J., concurs.
GOSHORN, J., dissents without opinion.

. § 893.13(l)(a)(l), Fla.Stat. (1987).

. § 893.03(2)(a), Fla.Stat. (1987).

. Lipscomb v. State, 15 F.L.W. 2227, 1990 WL 127340 (Fla. 5th DCA September 6, 1990).

. Dodd v. State, 570 So.2d 1013 (Fla. 5th DCA 1990).