RYDER, Judge.
Chester White (White) challenges the revocation of his probation and contends that the trial court erred in departing from the sentencing guidelines on the basis of the timing of the violation of community control. We affirm the revocation of probation, but remand for resentencing.
The trial court’s written reason for departing from the sentencing guidelines reflects that the judge considered the fact that White violated the conditions of his probation by committing the crime of possession of cocaine with the intent to sell or deliver the same only thirty-seven days after being placed on probation. White was initially placed on probation for the same type of crime. Additionally, the trial court notes that White had three felony convictions in the “guidelines sense.”
Timing alone is an insufficient reason to justify departure. State v. Simpson, 554 So.2d 506 (Fla.1989). In Simpson, the supreme court held that in order for timing to justify departure there must be a showing on the record that there is an escalating pattern of criminal conduct demonstrated by a series of crimes occurring over a period of time. 554 So.2d at 510. The trial court did not make any findings regarding White’s prior record, other than the fact that he had three prior felony convictions. Evidence of White’s prior criminal history is an invalid reason for departure because it has already been factored into the guidelines. See Keys v. State, 500 So.2d 134 (Fla.1986). Without more, we cannot say that the record before us demonstrates an escalating or continuing and persistent pattern of criminality. Accordingly, the trial court has relied on improper factors in imposing a departure sentence.
We therefore affirm the revocation, and remand with instructions to the trial court to resentence White within the guidelines with the permissible one-cell bump for violation of probation.[1]
SCHOONOVER, C.J. and DANAHY, J., concur.

. Fla.R.Crim.P. 3.701(d)(14).