THREADGILL, Judge.
The appellant, Danny James Brown, and his codefendant, James Lee Allen, were indicted for the murder of Jack Jones on December 17, 1987. A jury convicted the appellant of the lesser included offense of manslaughter with a firearm, a first degree felony. The appellant challenges his departure sentence, and we reverse on the ground that the reason for departure was invalid.
The trial court’s written reason for departure was the appellant’s commission of manslaughter nine months after his release from prison in Louisiana for attempted rape. The presumptive guidelines sentence was seven to twelve (7 to 12) years in prison. The trial court imposed a sentence of twenty years in prison followed by ten years’ probation.
It appears to be the law that temporal proximity of the crimes can be a valid reason for departure if the crimes demonstrate a continuing and persistent pattern of criminal activity. State v. Jones, 530 So.2d 53 (Fla.1988). However, the trial court’s order does not cite as a reason for departure, a continuing and persistent pattern of criminal activity, nor does the record in this case support such a finding, See Gore v. State, 559 So.2d 347 (Fla. 2d DCA 1990). See also White v. State, 579 So.2d 377 (Fla. 2d DCA 1991).
The record shows three misdemean- or convictions, an attempted rape, and the current offense of manslaughter. The state concedes that the misdemeanors were uncounseled and could not be scored. See Waldron v. State, 529 So.2d 772 (Fla. 2d DCA 1988). Use of an uncounseled conviction is not a clear and convincing reason for departure. See Evrard v. State, 502 So.2d 3 (Fla. 4th DCA 1986). Without considering the misdemeanors, therefore, the appellant’s record reflects only two offenses already scored to establish a pattern of criminal activity. If two offenses establish a pattern of criminal activity, then two offenses closely related in time will support a departure, which is the same as saying that temporal proximity alone will support a departure. However, the First District in Frederick v. State, 556 So.2d 471 (Fla. 1st DCA 1990) and the Third District in McKinney v. State, 559 So.2d 621 (Fla. 3d DCA 1990) have held that two offenses do not establish a pattern of persistent and continuing criminal activity. Contra Lipscomb v. State, 573 So.2d 429 (Fla. 5th DCA 1991) (two similar offenses establish a pattern of criminal behavior).
Although the supreme court has stated that timing alone may be an appropriate reason to depart, Gibson v. State, 553 So.2d 701 (Fla.1989), it still is not clear when the facts will permit timing alone to be grounds for departure. As Justice Barkett observed in her concurring opinion in Gibson, it is not clear that timing alone is susceptible to articulable standards for guiding the trial courts. 553 So.2d at 702. Gibson found no temporal proximity when a new offense was committed within fourteen months of release from incarceration. *342 In Jones, 530 So.2d at 56, an interval of ten months did not establish temporal proximity upon which to base a departure. This court held in Hernandez v. State, 569 So.2d 857 (Fla. 2d DCA 1990) that four months would not justify a departure based on temporal proximity alone. We therefore conclude that an interval of nine months between release from prison and commission of a new offense is not a valid reason for departure.
Justice Grimes dissenting in Smith v. State, 579 So.2d 75 (Fla.1991), stated: “On the facts, it seems to me that Smith’s commission of grand theft, petit theft, and resisting arrest without violence just thirty days after being placed on probation for three other crimes would justify a departure sentence based upon temporal proximity.” We believe this statement reflects the attitude of most Florida trial judges that a person who commits a new crime or crimes after being released from prison or put on probation deserves enhanced punishment not allowed under our guidelines. However, the decisions of the supreme court as we interpret them, to this day, have not specifically authorized a departure sentence based on timing alone.
The written departure order cited Larry v. State, 527 So.2d 883 (Fla. 1st DCA 1988) which approved a departure sentence when the defendant committed a new offense within fourteen months from his release from prison. During the pendency of this appeal, however, the First District reversed its holding in Larry I on the basis of the Florida Supreme Court’s decision in Gibson v. State, 553 So.2d 701 (Fla.1989) (fourteen-month span between release from prison and new offense not valid reason for departure). Larry v. State, 557 So.2d 629 (Fla. 1st DCA 1990). When entering the departure order in this case, the trial court did not have the benefit of Gibson, the second Larry decision, or Hernandez.
We therefore reverse the appellant’s departure sentence and remand for resen-tencing within the guidelines. In light of our decision, we need not discuss the appellant’s other point on appeal.
Reversed and remanded.
SCHOONOVER, C.J., and PARKER, J., concur.