COPE, Judge
(specially concurring).
I concur in the affirmance on the basis of the finding of an escalating, continuing and persistent pattern of criminal conduct, which is supported by the record. State v. Jones, 530 So.2d 53, 55 (Fla.1988); Williams v. State, 504 So.2d 392 (Fla.1987); Keys v. State, 500 So.2d 134 (Fla.1986).
The other three reasons advanced by the trial court are, in my view, either invalid or doubtful as independent grounds for departure. First, the trial court cited “lack of regard for judicial system & law.” The Florida Supreme Court has held that “disrespect for the law, standing alone, is not sufficient to justify a departure sentence because it is an inherent component of every criminal offense.” Brown v. State, 569 So.2d 1223, 1224 (Fla.1990).
Second, for the same reasons stated in Brown, “further rehabilitation is improbable” is invalid as an independent reason where, as here, that ground for departure is a reference to defendant’s bad record. See Ruiz v. State, 516 So.2d 1057, 1058 (Fla. 3d DCA 1987), review denied, 525 So.2d 880 (Fla.1988); accord Johnson v. State, 535 So.2d 651, 654 (Fla. 3d DCA 1988). Assuming the continuing validity of Braggs v. State, 522 So.2d 536, 537 (Fla. 3d DCA 1988), on this point, the State’s reliance on it is misplaced; there is no showing in this record of defendant’s placement in alternative treatment programs.
Finally, at the time sentence was imposed, there were sound reasons to believe that recent release from incarceration was an approved independent reason for departure. See Gibson v. State, 553 So.2d 701 (Fla.1989); Jones v. State, 553 So.2d 702 (Fla.1989); Butler v. State, 545 So.2d 447 (Fla. 3d DCA 1989). But see McKinney v. State, 559 So.2d 621 (Fla. 3d DCA 1990); Chanquet v. State, 570 So.2d 962 (Fla. 3d DCA 1990). The recent decision in Smith v. State, 570 So.2d 1315 (Fla.1991), has at a minimum invalidated recent release from incarceration as a departure reason in the factual context there presented. See generally Brown v. State, 580 So.2d 340 (Fla. 2d DCA 1991). We need not explore the ramifications of Smith in an escalating pattern case like this one, for the pattern-related findings are independently sufficient to sustain the departure sentence.