STONE, BARRY J., Associate Judge.
This is an appeal from an order granting the state’s motion for a temporary injunction and a temporary receiver over the appellant’s assets under Florida Statutes Chapter 517, the Florida Securities and Investor Protection Act. The state contends the appellant aided her husband in, and committed acts in furtherance of, his commission of a securities fraud. The order of the trial court provides:
The circumstances surrounding Defendant Heather M. Smith’s receipt of the Mercedes at the onset of the SH Oil & Gas Exploration investigation, her late December sale of four horses for well below market value, and her removal of documents from the Smith home shortly after receiving notice of the injunction issued against Defendant Stephen L. Smith and SH Oil & Gas Exploration establish a “strong prima facie case” that she may have violated Florida Statutes § 517.301(l)(c) and § 517.301(l)(a)(l). Her actions evidence an intent to defraud investors by diminishing the ability of the Defendants to later satisfy an order of restitution, to conceal SH Oil & Gas Exploration records from the receiver and to hinder and obstruct the State’s investigation into the affairs of SH Oil & Gas Exploration. In addition, this court finds such conduct implies a reasonable likelihood that Defendant Heather M. Smith will engage in future violations of this nature in the absence of injunctive measures. Therefore, this court concludes that the State has sustained its burden and is entitled to an injunction and appointment of a receiver over the assets of Defendant Heather M. Smith.
The appellant challenges the sufficiency of the evidence to support the order. She contends that no proof exists that she acted either as a principal or as an aider and abettor in the sale of securities by her husband. The appellant also asserts that the trial court should have dismissed the complaint against her because the testimo *1317 ny at the temporary hearing supports her claim that allegations against her are untrue.
Section 517.301(l)(a)l and (l)(c) provide, in part:
(1) It is unlawful and a violation of the provisions of this chapter for a person:
(a) In connection with the offer, sale, or purchase of any investment or security, including any security exempted under the provisions of s. 517.051 and including any security sold in a transaction exempted under the provisions of s. 517.-061, directly or indirectly:
1. To employ any device, scheme, or artifice to defraud;
(c) In any matter within the jurisdiction of the department, to knowingly and willfully falsify, conceal or coverup, by any trick, scheme, or device, a material fact, make any false, fictitious, or fraudulent statement or representation, or make or use any false writing or document, knowing the same to contain any false, fictitious, or fraudulent statement or entry.
Section 517.191, Florida Statutes, provides:
(1) When it shall appear to the department, either upon complaint or otherwise, that a person has engaged or is about to engage in any act or practice constituting a violation of this chapter or a rule or order hereunder, the department may investigate; and whenever it shall believe from evidence satisfactory to it that any such person has engaged, is engaged, or is about to engage in any act or practice constituting a violation of this chapter or a rule or order hereunder, the department may, in addition to any other remedies, bring action in the name and on behalf of the state against such person and any other person concerned in or in any way participating in or about to participate in such practices or engaging therein or doing any act or acts in furtherance thereof or in violation of this chapter to enjoin such person or persons from continuing such fraudulent practices or engaging therein or doing any act or acts in furtherance thereof or in violation of this chapter. In any such court proceedings, the department may apply for, and on due showing be entitled to have issued, the court’s subpoena requiring forthwith the appearance of any defendant and his employees, associated persons, or agents and the production of documents, books, and records that may appear necessary for the hearing of such petition, to testify or give evidence concerning the act or conduct or things complained of in such application for injunction. In such action, the equity courts shall have jurisdiction of the subject matter, and a judgment may be entered awarding such injunction as may be proper, (emphasis added)
(2) In addition to all other means provided by law for the enforcement of any temporary restraining order, temporary injunction, or permanent injunction issued in any such court proceedings, the court shall have the power and jurisdiction, upon application of the department, to impound and to appoint a receiver or administrator for the property, assets, and business of the defendant....
We examined the record and conclude that sufficient evidence exists to support the court’s findings with respect to the appellant’s conduct. Therefore, appellant is subject to the relief afforded under section 517.191 notwithstanding an insufficiency of proof at this hearing to also support a conclusion that she aided and abetted in a fraudulent sale punishable under section 517.301. Here, proof exists that the husband engaged in acts constituting a violation of section 517.301 and that the appellant committed acts, and continued to commit acts, subjecting her to the injunctive and receivership relief authorized by section 517.191. Under the wording of section 517.191 the state is not required to prove that a person violated section 517.301 as a prerequisite to the trial court granting equitable relief to the state.
*1318 The wife notes the state made several charges it did not attempt to prove at the temporary relief hearing. However, in order to obtain the temporary relief, the state was not required to prove each of its allegations. The evidence presented supports a conclusion that the appellant participated in diverting assets purchased, directly or indirectly, with the proceeds of the fraudulent scheme and participated in a cover-up of those assets.
The broadly worded section 517.191 is designed to encompass temporary relief not only against those charged with violating section 517.301 but also against those who commit acts in furtherance of a violation. We recognize that the proof adduced at the hearing may have been insufficient to convict the appellant as an aider and abettor on criminal charges. Cf. Butts v. State, 418 So.2d 468 (Fla. 4th DCA 1982). However, in State v. Beeler, 530 So.2d 932, 934 (Fla. 1988), the supreme court, in upholding a temporary injunction under section 517.-191, recognized that this function of the chapter is to be given a liberal construction, saying:
The legislature enacted chapters 517 and 494 to protect the public from fraud and deceit in the investment of securities. The laws are especially concerned with inexperienced investors who may be duped by unscrupulous brokers. Because of the statutes’ public importance, the state should not be unduly restricted in its attempt to enforce them. In this case the district court placed too heavy a burden on the state by apparently requiring absolute proof that Beeler would violate the law during the notice period before allowing an ex parte injunction.
Beeler, 530 So.2d at 934.
We deem appellant’s other issue to be without merit. We need not address the state’s additional argument on the theory of constructive trust. Accordingly, we affirm the order appointing a receiver and imposing a temporary injunction, and certify the following question to the supreme court:
MAY THE STATE OBTAIN INJUNC-TIVE AND RECEIVERSHIP RELIEF UNDER SECTION 517.191, FLORIDA STATUTES, WHERE THE EVIDENCE ADDUCED IS INSUFFICIENT TO PROVE THAT THE PERSON AGAINST WHOM THAT RELIEF IS IMPOSED IS A PRINCIPAL OR AIDER AND ABETTOR UNDER THE PROVISIONS OF SECTION 517.301?
GUNTHER, BOBBY W., Associate Judge, concurs.
GLICKSTEIN, HUGH S., Associate Judge, concurs specially with opinion.