PER CURIAM.
The defendant appeals his sentence on the claim that it constituted an improper departure from the sentencing guidelines. We agree and reverse the sentence and remand for proper resentencing.
A jury convicted the defendant of 1) aggravated battery, § 784.045(l)(a), Fla.Stat. (1985), 2) battery upon a law enforcement officer, § 784.07, Fla.Stat. (1985), and 3) resisting a law enforcement officer with violence, § 843.01, Fla.Stat. (1985). Under the pertinent sentencing guidelines, the trial court was authorized to impose a sentence of from two and one-half years to three and one-half years imprisonment.
In this case, the trial court sentenced the defendant to eight years imprisonment. In departing from the guidelines sentence, the trial court made the following findings: a) the instant offense was committed a short time after a previous offense, b) the offense was committed upon a police officer acting in the line of duty, and c) the defendant was determined to be an habitual offender and was so adjudicated, pursuant to section 775.084, Florida Statutes (1985). These findings either lack record support or their use is contrary to established case law.
Considering the findings in reverse order, we first determine that the adjudication of the defendant as an habitual offender was no justification for the court to depart from sentencing guidelines. Whitehead v. State, 498 So.2d 863 (Fla.1986) (habitual offender status is not an adequate reason to depart from sentencing guidelines). Here, the trial court was obligated to follow Whitehead and limit the defendant’s sentence to guideline perimeters.
Next, the finding that the crime was committed against a police officer acting in the line of duty constituted the gist of the offense as defined by the statute. § 784.07, Fla.Stat. (1985). Consequently, this fact was an inherent component of the crime of which he was convicted, not justifying departure from sentencing guidelines. State v. Mischler, 488 So.2d 523 (Fla.1986).
Finally, the finding that the offense was committed a short time after a previous offense has no record support and therefore cannot stand. Swain v. State, 455 So.2d 533 (Fla. 1st DCA 1984).
For the foregoing reasons, we reverse the sentence herein and remand for resen- *1369 tencing within the recommended range of the guidelines.