PER CURIAM.
As the parties agree, four of the five grounds asserted by the trial judge for the upward departure sentence imposed below are invalid. See Hester v. State, 520 So.2d 273 (Fla.1988); McGriff v. State, 528 So.2d 396 (Fla. 3d DCA 1988), approved, 537 So.2d 107 (Fla.1989); Solomon v. State, 528 So.2d 1367 (Fla. 3d DCA 1988). Under McGriff v. State, 537 So.2d 107 (Fla.1989), since the crime involved occurred prior to the enactment of section 921.001(5), Florida Statutes (1987), the cause is governed by the rule of Albritton v. State, 476 So.2d 158 (Fla.1985), that the trial court must now determine whether to depart on the basis of the one legally sufficient ground— the temporal proximity between the defendant’s release from prison and the instant offense. See State v. Jones, 530 So.2d 53 (Fla.1988). The cause is accordingly remanded for resentencing.