BARFIELD, Judge.
Milton Jones appeals from a judgment and sentence for possession of cocaine with intent to sell and resisting arrest without violence, raising three issues for review: (1) whether the trial court conducted a proper inquiry into Jones’ pre-trial request to discharge his court-appointed trial counsel; (2) whether the court abused its discretion in denying trial counsel’s request for a continuance made after jury selection, but before the presentation of any evidence, and based on the absence of a key defense witness from trial; and, (3) whether the court imposed an illegal sentence. Because we found some merit to the first issue, we entered an order relinquishing jurisdiction for sixty days for the trial court to conduct a fair and complete inquiry on the record into Jones’ pre-trial request to discharge his trial counsel. We also directed the court to determine how that request impacted counsel’s motion for a continuance, and we instructed the court that, upon conclusion of a proper inquiry, it should either affirm its denial of Jones’ discharge request or grant a new trial. The trial court timely conducted a proper and very complete hearing pursuant to our order, taking testimony from Jones, his trial counsel and the witness. At the conclusion of the hearing, the court affirmed its original denial of Jones’ request to discharge his attorney but ordered a new trial on the resisting arrest without violence charge.
At the hearing, Jones testified that his trial counsel failed to fully prepare his case for trial. Specifically, he claimed that counsel failed to subpoena or otherwise contact the missing witness, who observed the arrest. Jones stated that he gave his counsel the name and address of the witness three weeks prior to trial. However, trial counsel testified that she did not receive the name or address of the witness from Jones until five days before trial, and that she tried to call the witness on two separate days but received no answer. She testified further that the sheriff’s department was unable to serve the subpoena on the witness, but that Jones’ family had assured her that the witness would be at trial to testify. Counsel told the court that the witness’ testimony was relevant and important to the resisting arrest charge. The witness testified that he observed the police arresting Jones and, that, while Jones was standing against the patrol car, handcuffed, one of the officers hit him over *133 the head with a pistol. According to the witness, Jones was not trying to escape.
In light of the testimony presented at the hearing, we find that the trial court did not abuse its discretion in affirming its initial denial of Jones’ request to discharge his attorney. We also find that, while the trial court abused its discretion in initially denying trial counsel’s motion for continuance, the court remedied the error by ordering a new trial on the resisting arrest charge.
With regard to the third issue on appeal, the trial court sentenced Jones to ten years incarceration for the possession of cocaine conviction and a one-year, concurrent prison term for the resisting arrest conviction. The guidelines scoresheet indicated a recommended sentencing range of community control or 12-30 months incarceration.[1] In enhancing the sentence, the court invoked the habitual offender statute, section 775.084, Florida Statutes (1987), but did not state any reason for the departure from the guidelines. On appeal, the State concedes that the trial court was additionally required to set forth written reasons for departing from the guidelines, other than the habitual offender status, where the enhanced sentence exceeded the recommended sentence. See Whitehead v. State, 498 So.2d 863 (Fla.1986); Miller v. State, 524 So.2d 1031 (Fla. 1st DCA 1987). Consequently, we reverse and remand for re-sentencing. We reject Jones’ contention that the trial court failed to make written findings in invoking the habitual offender statute. The record on appeal contains a written order sufficiently stating the factual basis for finding Jones to be a habitual offender under section 775.084.
After examining the transcript from the sentencing hearing, it is clear that the trial judge did not intend, nor did the parties even consider, that the enhanced sentence was a departure from the guidelines. Indeed, box 14 on the scoresheet indicates that the court imposed a guidelines sentence. Upon remand for resentencing, the trial court may depart from the recommended guidelines sentence based upon clear and convincing reasons. Jones v. State, 540 So.2d 245 (Fla. 4th DCA 1989), approved, 559 So.2d 204 (Fla.1990).
BOOTH and WIGGINTON, JJ., concur.

. Incidentally, an acquittal on the resisting arrest charge would not affect the recommended sentencing range.