579 So.2d 75 (1991)
Richard C. SMITH, Petitioner,
v.
STATE of Florida, Respondent.
No. 76659.
Supreme Court of Florida.
May 2, 1991.
*76 James B. Gibson, Public Defender and Barbara L. Condon, Asst. Public Defender, Seventh Judicial Circuit, Daytona Beach, for petitioner.
Robert A. Butterworth, Atty. Gen. and David S. Morgan, Asst. Atty. Gen., Daytona Beach, for respondent.
McDONALD, Justice.
We review Smith v. State, 566 So.2d 57, 59 (Fla. 5th DCA, 1990), because the district court of appeal certified the following question as one of great public importance:
MAY A TRIAL JUDGE IMPOSE A DEPARTURE SENTENCE BASED SOLELY ON A PERSISTENT PATTERN OF CRIMINAL ACTIVITY, CLOSELY RELATED IN TIME, ALTHOUGH THE PATTERN IS NOT ESCALATING TOWARDS MORE VIOLENT OR SERIOUS CRIMES?
We have jurisdiction. Art. V, § 3(b)(4), Fla. Const. Considering that Smith's crimes were nonviolent property crimes with no substantial escalation in severity, we answer in the negative and quash the district court's opinion.
Following a seven-count indictment filed June 6, 1988 and pursuant to a negotiated plea agreement on October 18, 1988, Smith pled nolo contendere to grand theft, uttering a forged instrument, and the fraudulent use of a credit card. The court sentenced him to two concurrent terms of five years' probation and one concurrent one-year probation conditioned upon serving 210 days in the county jail with 180 days' credit for time served.
It did not take Smith long to violate his probation,[*] and the state filed an affidavit to that effect on November 30, 1988. As a consequence of a five-count information and pursuant to another plea agreement, the court adjudicated Smith guilty of grand theft, petit theft, and resisting arrest without violence. Understandably upset over Smith's failure to comply with probation by his early commission of new criminal offenses, the trial judge sentenced Smith to five years' imprisonment on the original offenses and a consecutive five years' imprisonment on the new offenses. The district court, in a two-to-one decision, concluded that "[a]lthough the legislature has not specifically addressed this question we think that a persistent pattern of criminal behavior in terms of timing alone is a valid basis to impose a departure sentence." 566 So.2d at 59.
In State v. Simpson, 554 So.2d 506, 509 (Fla. 1989), we suggested that the temporal proximity of crimes could, under some circumstances, be grounds for departure:
In State v. Jones, 530 So.2d 53, 55 (Fla. 1989), we again held that timing of offenses could be a valid reason for departure under certain conditions. However, we cautioned trial courts:
Before the temporal proximity of the crimes can be considered as a valid reason for departure, it must be shown that the crimes committed demonstrate a defendant's involvement in a continuing and persistent pattern of criminal activity as evidenced by the timing of each offense in relation to prior offenses *77 and the release from incarceration or other supervision.
Even though we said this, thus far we have not put our stamp of approval on a departure under the facts at hand. Although Smith's conduct justifies a judge's displeasure and desire for a departure sentence, one successive criminal episode of no greater significance than the first, even though committed only thirty days after release from incarceration, is not a sufficient reason to depart from the guidelines. We agree with Judge Cowart's dissent that this one additional episode is but a facet or aspect or natural part of a larger matter already integrated in the scoresheet in arriving at the recommended guidelines sentence and cannot reasonably justify a departure.
The opinion of the district court of appeal is quashed, and this cause is remanded with instructions to vacate the sentences and direct the trial judge to sentence in accordance with the guidelines.
It is so ordered.
SHAW, C.J., and BARKETT, KOGAN and HARDING, JJ., concur.
GRIMES, J., dissents with an opinion, in which OVERTON, J., concurs.
GRIMES, Justice, dissenting.
The majority opinion acknowledges that in State v. Simpson, 554 So.2d 506 (Fla. 1989), we held that the temporal proximity of crimes could be a ground for departure from the sentencing guidelines. We said the same thing in State v. Jones, 530 So.2d 53 (Fla. 1988); Tillman v. State, 525 So.2d 862 (Fla. 1988); and Williams v. State, 504 So.2d 392 (Fla. 1987). Therefore, I do not see how the certified question can be properly answered in the negative.
On the facts, it seems to me that Smith's commission of grand theft, petit theft, and resisting arrest without violence just thirty days after being placed on probation for three other crimes would justify a departure sentence based upon temporal proximity.
I respectfully dissent.
OVERTON, J., concurs.
NOTES
[*] The second series of offenses occurred 30 days after Smith's release from jail.