HARRIS, Judge.
On January 22, 1990 Jerome Fountain was placed on probation for a third degree felony (possession of controlled substance) and two misdemeanors (trespass and attempted possession of a controlled substance). Less than five months later, Fountain was again arrested, this time for sale or delivery of cocaine (a second degree felony), possession of cocaine (a third degree felony) and possession of drug paraphernalia (a misdemeanor). Under a negotiated plea arrangement, he pled to sale or delivery of cocaine, possession of drug paraphernalia and violation of probation.
His scoresheet, applying the one cell increase, showed a permitted range of community control or 1 to i-lk years incarceration. Fountain was sentenced as follows:
Attempted possession of controlled substance (probation case 89-7864) 364 days in the county jail
Attempted trespass (probation case 90-3569) 364 days in the county jail consecutive to 89-7864
Attempted unlawful of possession controlled substance (probation case 89-4398) 2 years community control consecutive to 89-3569
Attempted sale or delivery of cocaine (new substantive offense 90-3984 — Count I) 8 years probation
Attempted possession of drug paraphernalia (new substantive offense 90-3984 — Count III) 1 year probation concurrent with 90-3984
Fountain was therefore sentenced to a total of 728 days (less credit for time served) in the county jail, 2 years community control, and 8 years probation.
The trial court, recognizing that incarceration and community control constituted a *98 departure sentence,[1] stated during sentencing:
I am further giving written reasons for departing from the guidelines sentence as continuing a persistent pattern of criminal conduct. Mr. Fountain obviously intends to continue to violate the law as long as he can get away with it.
The written reason for departure appearing in the record is “continuing and persistent pattern of criminal conduct.”
The trial court obviously, and understandably, relied on State v. Simpson, 554 So.2d 506 (Fla.1989) and our case, Lipscomb v. State, 573 So.2d 429 (Fla.5th DCA 1991). This reliance is unfortunate.
First, this authority, even if still good law, only approves departure for the new substantive offenses — not for an earlier offense which is again before the court because of the violation hearing. In the case at bar, the departure occurred in sentencing Fountain to both incarceration and community control on the probation cases. The new probation for the substantive offenses is not a departure.
Second, although the supreme court dismissed the Lipscomb certified question issue as moot,[2] it answered a similar question in Smith v. State, 579 So.2d 75 (Fla.1991) and held that:
[0]ne successive criminal episode of no greater significance than the first, even though committed only thirty days after release from incarceration, is not a sufficient reason to depart from the guidelines. [Emphasis added].
Thus the supreme court has retreated from the Simpson language which held that “continuing and persistent pattern of criminal conduct” was a reason for departure. Now the successive episode must be of “greater significance.” The trial court, although perhaps it could have, did not list “escalating pattern” or “crimes of greater significance” as its reason for departure. It is true that Fountain went from a third degree felony together with two misdemeanors in the first episode to a second degree felony coupled with a single misdemeanor in the second episode. Because of the limited finding of the trial court, the question of whether the new offenses in this case represent sufficient escalation or are of such greater significance so as to justify departure must await a new day.
REVERSED and REMANDED for re-sentencing within the guideline range.
W. SHARP and PETERSON, JJ„ concur.

. State v. VanKooten, 522 So.2d 830 (Fla.1988).

. It was unfortunate for Lipscomb that even his departure sentence, when adjusted by gain and incentive time, was too short to accommodate the appeal process.