583 So.2d 387 (1991)
Milton JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1365.
District Court of Appeal of Florida, First District.
July 23, 1991.
*388 Jeffrey P. Whitton, Panama City, for appellant.
Robert A. Butterworth, Atty. Gen., and Laura Rush, Asst. Atty. Gen., Tallahassee, for appellee.

ON MOTION FOR REHEARING

[original opinion at 558 So.2d 131]
SHIVERS, Judge.
Appellant moves for rehearing of this case in light of the supreme court's recent decision in Smith v. State, 579 So.2d 75 (Fla. 1991). Appellant's motion is granted, the per curiam affirmance filed on May 20, 1990, is withdrawn, and the following opinion and decision is substituted therefor.
Appellant, Milton Jones, was originally convicted by jury of possession of cocaine with intent to sell, was found to be a habitual offender, and was sentenced outside the recommended guideline range to ten years incarceration. His conviction was affirmed on appeal, but his sentence was reversed, this court specifically holding that the trial court could depart on remand from the recommended guideline sentence, based on clear and convincing reasons. Jones v. State, 558 So.2d 131 (Fla. 1st DCA 1990). On remand, the trial court again imposed a sentence of ten years incarceration, based on three reasons for departure: (1) appellant's unwillingness or inability to be rehabilitated; (2) appellant's disregard for the law; and (3) the timing of the instant offenses in relation to sentencing on previous drug offenses. We find all three reasons to be invalid.
The first reason  unamenability to rehabilitation  has been found to be an invalid reason for departure. Sellers v. State, 559 So.2d 378 (Fla. 2d DCA 1990); Ellis v. State, 559 So.2d 292 (Fla. 5th DCA 1990); and Maddox v. State, 553 So.2d 1380 (Fla. 5th DCA 1989). The second reason  disrespect or disregard for the law, standing alone  has also been found to be an invalid basis for departure, as an inherent component of every criminal offense. Brown v. State, 569 So.2d 1223 (Fla. 1990).
The third reason  timing of the instant offense  is also invalid in light of the supreme court's holding in Smith v. State, supra. In the instant case, the record indicates that appellant was sentenced in May 1987 to five years probation on two charges of possession of cocaine, one charge of possession of marijuana with intent to distribute, and one charge of possession of drug paraphernalia. In June 1988, he was sentenced to another five years probation for one charge of possession of a controlled substance. In August of 1988, appellant was arrested and charged with the offense involved in the instant case, 35 days after being placed on probation for the June 1988 offenses, and one year and three months after being placed on probation for the May 1987 offenses. The record thus indicates a continuing and persistent pattern of criminal activity by the appellant, but not an escalating pattern. Although the supreme court has previously held that sentencing guideline departures could be based on timing and either an escalating pattern or a continuing and persistent pattern of criminal activity, State v. Simpson, 554 So.2d 506 (Fla. 1989); State v. Jones, 530 So.2d 53 (Fla. 1988), the court has apparently receded from those holdings in State v. Smith, in which it answered in the negative the following certified question:
MAY A TRIAL JUDGE IMPOSE A DEPARTURE SENTENCE BASED SOLELY ON A PERSISTENT PATTERN OF CRIMINAL ACTIVITY, CLOSELY RELATED IN TIME, ALTHOUGH THE PATTERN IS NOT ESCALATING TOWARD MORE VIOLENT OR SERIOUS CRIMES?
579 So.2d at 76. We therefore find the third reason for departure to be invalid as well. Appellant's sentence is reversed, and the case remanded for resentencing within the sentencing guidelines recommendation.
REVERSED and REMANDED.
WIGGINTON and NIMMONS, JJ., concur.