PER CURIAM.
Seeking reversal of his convictions for possession of cocaine and possession of cannabis, appellant challenges the denial of his motion to suppress. He also appeals *131 the sentences imposed, which constituted a departure from the recommended range. We affirm the convictions, but vacate the sentences and remand the cause for resen-tencing.
Reviewing the evidence in a light most favorable to sustaining the trial court’s ruling on the motion to suppress, as we must, State v. Parrish, 470 So.2d 869 (Fla. 1st DCA 1986), we hold that the denial of appellant’s motion to suppress was not erroneous. However, we agree with appellant that the sentencing order fails to set forth a sufficient basis for departure.
Appellant had been charged by information of possession of cocaine and possession of cannabis. At the time of these arrests, appellant was on probation for another possession offense imposed in Sarasota County two months before the instant offenses were committed. Following the instant possession offenses, appellant was charged with failure to appear. For the purpose of sentencing, the failure to appear case was consolidated with the possession charges.
Appellant’s scoresheet produced a recommended range of any non-state prison sanction; the scoring included points for legal constraint. The trial court, however, departed from the recommended range and sentenced appellant to five years for the possession of cocaine offense, 364 days for the possession of cannabis offense, and four years for the failure to appear offense; all sentences are to run concurrently-
The trial court listed as its reasons for departing from the recommended range: (1) appellant’s failure at rehabilitation, as evidenced by his violation of the Sarasota probation, and the improbability of future rehabilitation, and (2) the timing of the possession offenses in relation to the imposition of probation. In Sellers v. State, 559 So.2d 378 (Fla. 2nd DCA 1990), the court held that failure to rehabilitate is invalid when based upon a prior record which has been computed into the guidelines sentence. Likewise, the court in Ellis v. State, 559 So.2d 292 (Fla. 5th DCA 1990) held that a failure of past rehabilitation is an invalid basis for departure. Apart from the prior record, there is no basis in the record for concluding that there is an improbable likelihood of future rehabilitation. Therefore, we find this basis for departure to be invalid as well. See Simmons v. State, 570 So.2d 1383 (Fla. 5th DCA 1990), and Jones v. State, 583 So.2d 387 (Fla. 1st DCA 1991).
The timing of the possession offenses in relation to the imposition of probation in Sarasota County is also an invalid basis for departure in view of the supreme court’s recent holding in Smith v. State, 579 So.2d 75 (Fla.1991). In that case, the supreme court held that a successive criminal episode of no greater significance than a previous criminal episode, though the former committed only 30 days after release from incarceration, is not a sufficient basis to depart from the guidelines. The appellant committed the instant possession offenses approximately two months after being placed on probation in Sarasota County. The offense for which appellant was placed on probation was a possession charge, and therefore was of no greater significance than the instant possession offenses. Further, the criminal episodes in the instant case were separated by a greater period of time than was the case in Smith v. State, which held that the shorter period of time was an insufficient basis for departure absent a showing of an escalating pattern of criminality. Thus, we find timing to be an invalid basis for departure given the facts of this case on the authority of Smith.
Because of our holding with respect to the basis for the departure, we find it unnecessary to consider appellant’s argument regarding the sufficiency of the written departure order. Accordingly, the judgments of conviction are AFFIRMED, but the departure sentences are VACATED and the cause is REMANDED for resen-tencing within the guidelines range.
SMITH, NIMMONS and MINER, JJ„ concur.