LEHAN, Judge.
We affirm defendant’s convictions and sentences for delivery of a controlled substance and obstructing an officer without violence.
We address only defendant’s contention that the trial court erred in departing from the sentencing guidelines on the basis of the temporal proximity of the crimes (committing the crimes approximately three months after being released from incarceration apparently for possession and delivery of a controlled substance, grand theft, and battery) and a continuing and persistent pattern of criminal behavior (1988 convictions for grand theft and battery, a September 1987 conviction for possession of cannabis with intent to deliver, May 1987 convictions for delivery and possession of cannabis, and 1986 convictions for delivery and possession of cocaine). We disagree with that contention. The departure fulfilled the requirements of State v. Jones, 530 So.2d 53, 56 (Fla.1988), that
[bjefore the temporal proximity of the crimes can be considered as a valid reason for departure, it must be shown that the crimes committed demonstrate a defendant’s involvement in a continuing and persistent pattern of criminal activity as evidenced by the timing of each offense in relation to prior offenses and the release from incarceration or other supervision.
We do not conclude that Smith v. State, 579 So.2d 75 (Fla.1991), requires for a valid departure in this kind of case that the pattern of crimes culminating in the crime for which defendant is being sentenced show an escalation to more serious or violent crimes, notwithstanding language in Smith which might arguably be taken otherwise. Smith contains the foregoing quotation from Jones and reversed a departure which, in contrast to the circumstances of this case, was only for “one successive criminal episode of no greater significance than the first.”
Fountain v. State, 582 So.2d 96 (Fla. 5th DCA 1991), is distinguishable. Fountain reversed a departure sentence imposed for sale or delivery of cocaine, possession of cocaine, and possession of drug paraphernalia, the departure having been based upon a persistent pattern of criminal conduct involving one prior sentencing for possession of a controlled substance, trespass, and attempted possession of a controlled substance. In that context, Fountain interpreted Smith as requiring, for such a pattern to justify a departure, that there have been an escalation of the seriousness of the offenses. Fountain did not appear to consider the apparent lack of a pattern of criminal conduct in Smith (in contrast to the circumstances of the instant case), whether or not the second Smith crime was more serious than the first. Also, while in Fountain the offense for which defendant was being sentenced was committed less than five months after his release from incarceration for prior offenses, the trial court in that case did not assign temporal proximity as a reason for departure.
Affirmed.
*149 DANAHY, A.C.J., concurs.
ALTENBERND, J., concurs in part and dissents in part.