ALTENBERND, Judge,
concurring in part and dissenting in part.
Although I prefer the result of the majority opinion to that suggested by this dissent, I cannot fully concur. It appears that the supreme court’s answer to the certified question in its most recent decision on this issue prohibits an upward departure in this case. Smith v. State, 579 So.2d 75 (Fla.1991). Based on the answer to the certified question in Smith, it appears that trial courts may not depart upward from the sentencing guidelines based “solely on a persistent pattern of criminal activity, closely related in time, although the pattern is not escalating towards more violent or serious crimes.” Id. at 76.
The majority avoids the supreme court’s answer to the certified question by considering the specific facts in Smith. While that may be a valid approach, with all due respect to the supreme court, I simply do not understand the factual distinction the supreme court employed in Smith to distinguish that decision from prior case law on this issue. State v. Simpson, 554 So.2d 506 (Fla.1989); State v. Jones, 530 So.2d 53 (Fla.1988).
This is apparently the defendant’s fifth felony within a span of three years. These felonies have resulted in several sentences imposed at separate sentencing hearings. Apparently, the defendant has committed a felony shortly after his release on more than one occasion. Although this may be a pattern of felonies, the felonies are not escalating in severity. In fact, four of the felonies, including this case, are relatively minor drug offenses. None of the offenses appear to involve violence. Unless Smith is limited only to cases involving two criminal episodes or two sentencing hearings which involve multiple offenses, as compared to cases involving several criminal episodes or several sentencing hearings which involve a similar number of offenses, I believe Smith precludes this upward departure.
I would note that the defendant committed this offense in May 1989, after the October 1988 amendment to the habitual offender statute. Thus, the trial court could have declared him a habitual offender, sidestepped the guidelines, and sentenced him to ten years’ incarceration. § 775.084, Fla.Stat. (Supp.1988). The defendant’s upward departure sentence is only a five-year sentence on the third-degree felony, consecutive to a one-year sentence in the county jail for the misdemean- or. Thus, this upward departure is approximately one-half the length of a legal sentence that the trial court could have properly imposed in this case.
I am inclined to believe that the trial court should have the flexibility to use the upward departure as a method to impose a sentence between that permitted by the guidelines and that authorized by the habitual offender statute. The supreme court, however, has held that habitual offender status is not a valid reason to depart from the guidelines. Whitehead v. State, 498 So.2d 863 (Fla.1986) (interpreting an earlier version of the habitual offender statute). Despite changes in the habitual offender statute, we will prohibit a departure based on habitual offender status. West v. State, 583 So.2d 394 (Fla. 2d DCA 1991). Under the current statute, a defendant can be declared a habitual offender if he has committed a few crimes within a specified temporal window. If the trial court cannot use the timing of offenses as a reason to depart under the title “habitual offender,” it is not particularly logical to allow a departure for the same reasons using the title, “temporal proximity.” Perhaps it is no longer necessary to allow a departure for temporal proximity because the trial court can accomplish the same result under the habitual offender statute. In the alternative, perhaps we should revisit Whitehead in light of the statutory changes so that trial courts will clearly have the flexibility to use temporal proximity to impose a sentence which is more onerous than the permitted guidelines sentence but without all the conditions of a habitual offender sen *150 tence.[1]
Accordingly, I agree that the convictions should be affirmed, but I would remand for sentencing within the guidelines. See West.

. Although it may be a technical error, the defendant's criminal history may not be sufficiently delineated in the trial court’s written reason for departure. See State v. Jones, 530 So.2d 53 (Fla.1988); Williams v. State, 504 So.2d 392 (Fla.1987). The reason is merely a handwritten, abbreviated comment at the bottom of the scoresheet. This general statement is similar to the written reason which was declared inadequate in Jones and does not compare to the detailed outline provided in Williams. The transcript of the sentencing hearing contains a general description of the defendant's prior record, but there are no documents in this record on appeal to clearly establish a pattern with temporal proximity.