PER CURIAM.
The defendant, Aaron Shaw, was convicted of kidnapping and of sexual battery with the use of physical force likely to cause serious personal injury. Immediately after the jury returned its verdict, the trial court announced that it was sentencing the defendant to life in prison. The sentence constituted a four-cell upward departure from the sentencing guidelines.
The court entered its written order setting forth the reasons for the departure sentence. The order stated, in part, as follows:
The grounds for departure of the sentencing guidelines are as follows:
1. The Defendant was released from prison approximately six (6) weeks pri- or to committing this offense.
[[Image here]]
5. The Defendant exhibits an escalating pattern of violence within the same type of offense. The Defendant’s pri- or conviction for Sexual Battery was with threat of great force ... while the conviction in this case is for Sexual Battery with great force....
The defendant contends that the reasons given by the trial court do not constitute clear and convincing reasons for departure and/or are not supported by the record, and therefore, the trial court abused its discretion in entering a departure sentence. We agree.
The first reason given by the trial court, recent release from incarceration, is not, in and of itself, a valid reason for departing from the sentencing guidelines. As the Supreme Court of Florida stated in Smith v. State, 579 So.2d 75, 77 (Fla.1991), “one successive criminal episode of no greater significance than the first, even though committed only thirty days after release from incarceration, is not a sufficient reason to depart from the guidelines.” (emphasis added).
The language in Smith, however, suggests that recent release from incarceration coupled with an escalating pattern of criminal conduct would justify a departure from the sentencing guidelines. See also, State v. Simpson, 554 So.2d 506 (Fla.1989) (escalating pattern of criminal conduct sufficient reason for departure sentence); § 921.001(8), Fla.Stat. (1989). At first glance, it appears that the defendant’s departure sentence should be affirmed since the trial court found in its order that the defendant committed the present offense six weeks after being released from prison and that the “defendant exhibits an escalating pattern of violence within the same type of offense.” However, the State concedes in its brief that departure based on an escalating pattern of violence is “questionable” under the facts presented in this case. The defendant’s prior conviction was for sexual battery with threat of great force. The defendant, however, was actually charged with the same crime as in the present case, but the State reduced the charge in return for the defendant’s plea of guilty. For this reason, we find that an escalating pattern of violence has not been proven by a preponderance of the evidence.
Additionally, we find that the remaining reasons given by the trial court for departure are either invalid and/or are not supported by the record. Since our resolution of this issue is dispositive, we do not need to reach the defendant’s remaining point raised on appeal.
Accordingly, we vacate the defendant’s sentence and remand for resentencing within the guidelines.