PER CURIAM.
In July 1988 Lamoru was arrested for burglary of a dwelling and unlawful possession of cannabis, charges on which he was subsequently convicted. At the sentencing hearing it was brought to the trial court’s attention that the defendant had previously been convicted for two counts of burglary of a dwelling. Those crimes occurred in October 1987. For the 1987 burglaries the defendant was sentenced to 364 days. The date of defendant’s release from the earlier incarceration is not in the record. The trial court wrote that the July 1988 burglary occurred four to five months after defendant’s release from prison but the defendant argues that it could have been as long as nine months after his release.
The day after the sentencing hearing, the court filed a written order deviating from the guideline sentence of three years and ordering incarceration for fifteen years. The reasons for departure were “(1) previous felony convictions in 1987 (2 convictions), 2) recent release from prison at the time of the crime (4-5 five months previous).”
The single issue of merit is whether the commission of a burglary offense four to nine months after release from prison for a similar offense constitutes a continuing and persistent pattern of criminal activity so as to justify an enhanced sentence under a theory of “temporal proximity” of offenses. We hold that it does not and reverse the sentence enhancement.
We have held that a temporal proximity of offenses will support a departure sentence only where there is a showing that the crimes committed demonstrate the defendant’s involvement in a continuing and persistent pattern of criminal activity. McKinney v. State, 559 So.2d 621 (Fla. 3d DCA 1990), relying on State v. Jones, 530 So.2d 53 (Fla.1988). This view is consistent with the recent decision in Smith v. State, 579 So.2d 75 (Fla.1991), which held, “one successive criminal episode of no greater significance than the first, even though committed only thirty days after release from incarceration, is not a sufficient reason to depart from the guidelines.” Id. at 77. Without reaching the question whether the instant offense was in temporal *687 proximity to the date of release from prison, we hold that the departure sentence cannot be sustained because the instant offense was of no greater significance than the earlier episode.
The conviction is affirmed, the enhanced part of the sentence is reversed, and the case is remanded with instructions to sentence the defendant within the guidelines.