PER CURIAM.
On April 3, 1990, this court issued an opinion in which we affirmed a sentencing guidelines departure sentence of twelve-years imprisonment. The ground stated by the trial court for the sentencing guidelines departure was the temporal proximity between the defendant’s release from prison and the commission of the instant offense. This court, however, withheld issuance of the mandate and on September 14, 1991, the full court entered an order setting the cause for rehearing en banc and inviting additional briefs. On September 23, 1991, the en banc court returned the cause to the original panel for reconsideration on rehearing; the panel, in turn, directed the filing of additional briefs in view of the recent intervening decision of Smith v. State, 579 So.2d 75 (Fla.1991) which disapproves, as a reason for departing from the sentencing guidelines, temporal proximity between the defendant’s release from prison and the offense for which the defendant is being sentenced unless the circumstances also establish an escalating pattern of criminal conduct.
Although, in a prior appeal in this case, we held that such temporal proximity is, without more, a valid reason in itself for departure from the sentencing guidelines and such announced rule is the law of this case, Butler v. State, 545 So.2d 447 (Fla. 3d DCA 1989), it would be a manifest injustice to follow such rule in view of the contrary, intervening decision of the Florida Supreme Court in Smith; such manifest injustice constitutes an exception to the law of the case doctrine. See Morales v. State, 580 So.2d 788 (Fla. 3d DCA 1991). We, accordingly, vacate our prior opinion filed April 3, 1990, recede from Butler, and hold that the reason given by the trial court for departing from the sentencing guidelines is invalid based on Smith; we further reverse the sentence under review and remand the cause to the trial court with directions to resentence the defendant within the sentencing guidelines.
Reversed and remanded.