PER CURIAM.
Joseph Bell appeals a departure sentence entered upon his conviction for burglary. Because the appellant’s criminal record does not “indicate an escalating pattern of criminal conduct,” section 921.001(8), Florida Statutes (1995), we reverse.
Pursuant to section 921.001(8), the lower court imposed an upward departure from the sentencing guidelines range on the ground that appellant’s criminal record indicated “an escalating pattern of criminal conduct.” The Florida Supreme Court has interpreted this statutory basis for imposing a departure sentence as requiring both an increase in the seriousness of the offenses and some recurring features of the crimes. See State v. Darrisaw, 660 So.2d 269 (Fla.1995). The statute itself provides that an escalating pattern may be evidenced “by a progression from nonviolent to violent crimes, a progression of increasingly violent crimes, or a pattern of increasingly serious criminal activity.” § 921.001(8), Fla. Stat. (1995). The record in the instant case reflects that since 1988 appellant has been previously convicted of three third degree felonies (two burglaries of a structure offenses and a grand theft) and eleven misdemeanors. Appellant’s instant conviction is a third degree felony.
While there is no doubt that appellant has demonstrated a remarkably persistent pattern of criminal activity, it cannot be said to be an escalating one. Appellant’s criminal conduct has consistently involved burglary and trespass. The instant offense did not involve increased violence and did not constitute an offense that was either an increase in the degree or in the sentence which may be imposed when compared to appellant’s prior offenses. In short, appellant’s record does not reflect a “progression” or “pattern of increasingly serious criminal activities.” See Shaw v. State, 586 So.2d 1276 (Fla. 3d DCA 1991). A persistent pattern of similar criminal activity, which is already taken into account by the sentencing guidelines scoring scheme, is not a basis for departure under section 921.001(8). See Barfield v. State, 594 So.2d 259 (Fla.1992).
Accordingly, appellant’s departure sentence is vacated and the cause is remanded for resentencing under the guidelines.
REVERSED and REMANDED.
JOANOS, WOLF and VAN NORTWICK, JJ., concur.