PER CURIAM.
The defendant appeals a departure sentence for the felony offense of driving under the influence (D.UI). He contends that he did not engage in a pattern of escalating criminal conduct as the trial court found, because all of the prior offenses relied on for the departure sentence were other DUI offenses. The state argues that an escalating pattern of criminal behavior was properly established inasmuch as the penalty for DUI became progressively more severe as the offense was repeated.
We conclude that the departure sentence was invalid and therefore reverse. The fact that the prior offenses were subject to increasing penalty enhancements does not alone support a finding that the defendant engaged in an escalating pattern of criminal activity. The defendant’s criminal activity cannot be said to have “escalated” as that term is defined in Barfield v. State, 594 So.2d 259 (Fla.1992), because all of his prior offenses are of the same character. Furthermore, some of the defendant’s prior DUI convictions were used to support the charge of felony DUI. Every defendant convicted of felony DUI must have at least three prior misdemeanor DUI offenses.
The trial court gave several other reasons for the departure but all of the other reasons are either invalid or insufficient, standing alone, to support the departure sentence. See Jones v. State, 583 So.2d 387 (Fla. 1st DCA 1991). Because there is no ground for the imposition of a departure sentence, we reverse with instructions to impose a sentence within the guidelines.
Reversed.
DAVIS, BENTON and PADOVANO, JJ., CONCUR.